263 So.2d 427 (1972)
Linda Edwards WELCH et al.
v.
Rufus THOMAS, Jr., et al.
HARTFORD ACCIDENT AND INDEMNITY COMPANY et al.
v.
ZURICH INSURANCE COMPANY et al.
The TRAVELERS INSURANCE COMPANY
v.
Wilfred WELCH, Jr., et al.
Nos. 8870-8872.
Court of Appeal of Louisiana, First Circuit.
May 29, 1972.
Rehearing Denied June 26, 1972.
Writs Refused September 27, 1972.
John P. Hammond, Montgomery, Barnett, Brown & Read, New Orleans, for appellants.
A. Clayton James, Jr., James & Knight, Franklinton, for Linda and Wilfred Welch, Jr., plaintiffs-appellees.
*428 France W. Watts, III, Franklinton, for Travelers Ins. Co. and Wilfred Welch, Jr., defendants-appellees.
Tom H. Matheny, Pittman & Matheny, Hammond, for Hartford Acc. & Indem. Co., Jay J. Piccinati and Susan F. Lee, defendants-appellees.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
These consolidated actions are before us on appeal from the 22nd Judicial District Court, Parish of Washington, and are concerned with a three vehicle automobile accident which occurred in Bogalusa, Louisiana, on February 10, 1970.
On that day, at approximately 4:15 P.M., Susan F. Lee, the fifteen year old niece of J. J. Piccinati, was, with his permission, driving his 1970 Buick north on Avenue F in Bogalusa, that street being an 18 foot wide, asphalt surfaced road located in a sparcely inhabited and generally uncongested area of that city. Traveling in the same direction and immediately behind her was a 1969 Dodge driven by Linda Fay Welch and owned by herself and her husband, Wilfred Welch, Jr. Also traveling north, behind the Welch vehicle, was Rufus Thomas, Jr., driving a 1968 Dodge owned by his father, Rufus Thomas, Sr.
These automobiles became involved in a chain reaction type collision when the driver of the lead vehicle, Miss Lee, suddenly and without warning, stopped her car for a dead cat laying in her lane on the roadway. The following Welch vehicle was, with difficulty, able to stop behind the Lee auto; Thomas, however, immediately behind Mrs. Welch, was not so fortunate as he was unable to bring his automobile to a halt before colliding with the rear of the Welch car, which, in turn, drove that vehicle into the rear of the Lee Buick.
Mr. and Mrs. Welch subsequently brought suit for her personal injuries against the Thomases and their liability insurer, Zurich Insurance Company (hereafter, Zurich), and against the Hartford Accident & Indemnity Company (hereafter, Hartford), the liability insurer of the Piccinati vehicle driven by Susan Lee. Hartford entered suit for the property damage done the vehicle of its insured against Zurich and The Travelers Insurance Company (hereafter, Travelers), the liability insurer of the Welch auto, the Thomases and Mr. and Mrs. Welch on its behalf and on behalf of its insured, Piccinati. Travelers followed with suit against Thomas and Zurich on its behalf and that of the Welches for the property damage done to the Welch auto. This action was later amended to include Piccinati and Miss Lee. Numerous reconventional and third party demands were filed on behalf of the various defendants and the matters were consolidated for trial in the district court and were heard on June 8, 1971. The quantum of the damages to Mr. and Mrs. Welch were stipulated by counsel and all other damages were for repairs to the various vehicles.
The record reflects that Mrs. Welch had entered Avenue F, on her way home from work, at the Marshall Richardson Road intersection which is controlled at that point by a caution light. After turning right on Avenue F, she began to proceed in a northerly direction and had gone approximately three-quarters of a mile prior to the accident. She testified that immediately prior to the accident, she was three to five car lengths behind the Lee Buick and traveling at about 35 m.p.h. Suddenly, and with no warning, she saw the Lee brake lights go on and, almost immediately, saw the rear end of that vehicle rise up as it began a hard, fast stop. Mrs. Welch applied her brakes and, not without difficulty, brought her automobile to an abrupt stop short of the Lee car. She related that a moment of silence followed and then her car was struck by young Thomas whom, moments before, she had noticed in her rear view mirror, coming up fast behind her.
*429 Rufus Thomas, Jr., seventeen years old at the time of this accident, had left his home and was on his way to the grocery store on an errand. He had noticed the Welch car pull onto Avenue F ahead of him at the Marshall Richardson Road intersection and he stated that he proceeded behind her at a distance of approximately three car lengths, or fifty feet to her rear; he estimated his speed at about 30 m.p.h., which is the posted limit on the road. He next saw Mrs. Welch suddenly slam on her brakes and come to a stop at which time he instantly tried to do the same but was unable to do so, thus striking the Welch vehicle.
Captain Reubin Sumrall of the City of Bogalusa Police Department conducted the investigation shortly after the accident. He described Avenue F as being sufficiently straight at the point of impact as to afford drivers a 150 foot view to the front and a one mile view to the rear. He confirmed that it was not dark at the time of the accident and that it had been a dry day. He made no investigation of skid marks left by any of the vehicles. We note, however, that Mrs. Welch positively observed that her automobile left about five or six feet of skid marks and that she looked for skid marks left by the Thomas auto and that there were none. This also corroborates young Thomas's testimony to the effect that he did not believe that he left any skid marks at all.
In well considered written reasons, the trial judge concluded that Thomas's failure to maintain a proper lookout was the proximate cause of the accident despite the fact that Susan Lee was also found to be negligent. That decision was predicated upon a determination that, although a following motorist may free himself from the presumption of negligence associated with a rear end collision by establishing that he was confronted with a sudden emergency which he could not reasonably cope with, that such was not the case in this instance. More particularly, he found that Miss Lee slowed her car and then stopped and that Mrs. Welch was able to completely stop behind her; Thomas then crashed into the Welch auto. Based upon these findings, the trial judge then relied to some extent on Viator v. Gilbert, 206 So.2d 106 (La. App. 4th Cir. 1968) which announced this rule, at page 109:
"While there can be no doubt of Mr. Wilkinson's negligence, it is undisputed that Mr. Provost was able to come to a gradual stop behind him and avoid a collision, and that all of the impacts occurred after this stopping. When the lead vehicle makes a sudden stop, or one in order to execute an illegal maneuver, but the operator of a second vehicle is able to bring his car to a stop without a collision, the first driver is not liable if a third vehicle collides with the second.... We find, therefore that the jury was correct in concluding that Mr. Wilkinson's negligence was not a proximate cause of the accident."
Judgment was rendered for all parties against Zurich and its insured, the Thomases, for the stipulated amounts plus property damages. We affirm that judgment in all respects.
We are, of course, cognizant of the myriad of cases which pronounce the well-settled rule that a following motorist is presumed negligent if he collides with the rear of a leading vehicle, as it is generally assumed that he has failed in his responsibility to maintain a sharp lookout to events taking place before him or that he was following at an insufficient distance from the preceding vehicle to allow him to safely stop under normal conditions. Arceneaux v. German, 207 So.2d 244 (La. App. 1st Cir. 1968) and authorities cited therein. This presumption is present here, to the detriment of Rufus Thomas, Jr. and the insurer of his automobile.
Additionally, the jurisprudence of this state, of which the Viator case, supra, is representative, has held that when the driver of the second vehicle is able to *430 bring his car to a stop after an abrupt or illegal maneuver by the first car, the driver of the third vehicle, who is unable to stop and actually makes the initial contact between the autos, has been held liable. See also Gandy v. Arrant, 50 So.2d 676 (La.App. 2nd Cir. 1951); Hernandez v. Pan American Fire & Casualty Co., 157 So.2d 923 (La.App. 1st Cir. 1963).
Counsel for Zurich has strenuously argued, and plausibly so, that this case falls within a well-recognized exception to these general rules, that being that when a following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle, which the following motorist could not reasonably avoid, and a collision ensues, that the following driver would be adjudged free from fault therein. They cite as authority for this proposition Nomey v. Great American Indemnity Company, 121 So.2d 763 (La.App. 2nd Cir. 1960), and Logue v. O'Donley 190 So.2d 653 (La.App. 2nd Cir. 1966).
We find, however, that the trial judge's assessment of the circumstances in this case was correct. While young Thomas may not have been following too closely, we find that he was not maintaining the lookout required of one who would exonerate himself of fault in such situation. The presumption is, under the facts before us, that Rufus Thomas, Jr. was negligent, this presumption is buttressed here in view of the fact that Linda Welch was able to stop without causing an accident and that there is no physical evidence whatsoever that would operate in Thomas's favor to negate a finding of negligence. There is absolutely no proof that Thomas skidded in an attempt to stop and yet the asphalt roadway was dry. To the contrary, Linda Welch noticed her own skid marks, but testified that she saw none behind the Thomas car. She also stated that immediately prior to the collision, she saw him coming fast in her rear view mirror.
Thomas, however, offered no convincing proof that while operating his automobile with a high degree of care, he was confronted with a sudden emergency which he was unable to avoid despite his careful observance. He admitted that he did not think that he had made any skidmarks and he did not seem to be closely aware of the events preceding the accident. In short, the record is devoid of clear and convincing evidence which would exonerate Rufus Thomas, Jr. We conclude that the presumption of negligence operating against him has not been overcome and that, while Susan Lee cannot be held free from negligence, that Thomas's actions were the proximate cause of this wreck. The judgment will, therefore, be affirmed in all respects; costs of this appeal to be paid by the appellants.
Affirmed.