*1133
 
 BARHAM, Justice,
 

 Dissenting from Refusal to Grant Writs.
 

 The Court of Appeal has erred as a matter of law in the instant case, 263 So.2d 427. The facts as found by that court are that Miss Susan F. Lee stopped her car suddenly without any warning because a dead cat lay ahead in her lane of traffic. The plaintiff Mrs. Linda Fay Welch, in the car immediately following three to five lengths to the rear at 35 miles per hour, was able “with difficulty” to stop her vehicle and avoid collision with the Lee car. After a brief moment of silence plaintiff’s vehicle was rear-ended by a third vehicle which she had noticed moments before coming up fast behind her. The Court of Appeal found that Miss Lee, the driver of the first car, was negligent, and that Thomas, the driver of the third car, was negligent. However, that court apparently absolved Miss Lee from negligence on the legal excuse that her negligence was not a proximate cause of the collision between Car 2 and Car 3. Without determining why Miss Lee’s negligence was not a proximate cause of the accident, the Court of Appeal makes this one finding: “ * * * We conclude that the presumption of negligence operating against him [Thomas] has not been overcome and that, while Susan Lee cannot be held free from negligence, that Thomas’s actions were the proximate cause of this wreck. * * * ”
 

 From the first driver’s stopping to the collision was a lapse of only two or three seconds. The Court of Appeal, relying upon Viator v. Gilbert, 206 So.2d 106 (4th Cir. 1968) and other appellate court decisions, held that only Thomas’s negligent actions were the proximate cause of this wreck. Upon the assumption that the rule of law in Viator is correct under the facts there, those facts are so different as to make that case totally inapplicable to the situation here. In Viator a vehicle stalled with its rear end blocking a lane of traffic. Another car stopped 12 to 18 feet behind the stalled car, and then some 30 or 40 seconds later a third car hit this second automobile.
 

 Using the Court of Appeal’s approach in the instant case of determining negligence and then proximate cause, I reason as follows : The first driver was in violation of statutory regulations and as well under our jurisprudence was civilly negligent and liable for damages arising from stopping upon the street. The court below found also that Thomas, driver of the third vehicle, was negligent.
 

 That Thomas’s actions were a
 
 proximate cause
 
 of the accident is not disputed before us, yet the court below failed to examine Miss Lee’s negligence to determine whether it was a
 
 contributing legal cause
 
 of the accident. By any method of reasoning it has to be. Even under the foreseeability criterion reasonable men should
 
 *1135
 
 not differ in deciding that Miss Lee foresaw or should have foreseen when she made her illegal stop that one or more cars travelling immediately behind her might be unable to stop and would collide with her. The fact that plaintiff, the driver of the second automobile, was able to stop does not make it unforseeable that the car immediately following the second automobile could not react and stop in time to avoid collision with that second automobile.
 

 As the Court of Appeal found, both the driver of the first car and the driver of the third car were negligent, and it was their contributing negligence which gave rise to plaintiff’s damages. Even by the use of the passive negligence language which has been discarded by this court in Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and Pierre v. Allstate Insurance Co., 257 La. 471, 242 So.2d 821 (1971), it cannot be said that the nature of Thomas’s negligence was such as to be an intervening cause which made the negligence of the driver of the first car passive.
 

 For writ application we are benefited by excellent argument which follows the recent Supreme Court jurisprudence ascertaining tort responsibility when causation is a problem under the formula of cause-in-fact, 'duty-risk, and negligence. That approach 'determines first whether the stopping of the first vehicle was a cause-in-fact of the -accident. Undoubtedly it was. We proceed to determine whether there was a duty imposed on that driver to protect this plaintiff from the particular risk of the act which brought about the harm. What was the purpose of the rule that one should not stop suddenly and without warning ahead of fast-moving and heavy traffic? It is to prevent those who follow from suddenly being faced with an emergency to which they may not be able to respond quickly enough to avoid an accident. Is that duty owed only to the car immediately following the vehicle which is stopped under the facts of the case before us? The answer is “no”. The fact that, as the Court of Appeal found, plaintiff fortunately and with great difficulty avoided colliding with the first vehicle does not negate the possibility or even the probability that a third following vehicle will be unable to stop. Even the most careful of drivers could have been unable to stop. As we have said, when one is forced to stop in the street or highway because of the negligent act of another, he may be protected in that place of peril from inadvertent and inattentive drivers as well as from prudent and careful drivers. The accident here was one continuing event. The duty imposed upon the driver of the first car embraced the risk of the finality of the occurrence. The harm resulting to the innocent plaintiff is encompassed within that duty-risk relationship, and Miss Lee, the driver of the first automobile, is thus negligent, and the
 
 *1137
 
 insurers of that vehicle should respond for her damages.
 

 It matters not what language is used or what approach is made in determining whether the driver of the first vehicle and those who insure her should respond in damages. If the Court of Appeal had considered under any approach the causation factor in relation to the acts of the driver of the first car, I must believe it would have cast these parties also.
 

 I respectfully dissent from the majority’s refusal to grant these writs.