626 So.2d 747 (1993)
Joseph E. HADLEY and Joann Williams
v.
John DOE, American Waste Pollution Control Company, and Its Insurer, CNA Insurance Companies and Prudential Property and Casualty Insurance Company.
No. 93-CA-393.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1993.
*748 Don C. Gardner, Harahan, for plaintiffs/appellees.
Lisa D. Newman, Tyson B. Shoestahl, Adams and Reese, New Orleans, for defendants/appellants.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
This is an appeal by defendants from an adverse judgment of the trial court after a trial on the merits of a claim made for damages sustained as a result of an automobile accident in Jefferson Parish. We affirm.
On December 22, 1989 at about 1:00 P.M., Joseph Hadley was driving slowly along the Jefferson Highway. The weather conditions were unusually bad. It was snowing and the roads were icy. Mr. Hadley was attempting to get to the westbank of Jefferson Parish after picking up his friend, Joann Williams. The Huey P. Long bridge was closed due to the unsafe road conditions and Mr. Hadley was attempting to get to the Greater New Orleans Bridge. His van stalled out on the ice and was struck from behind by a garbage truck. Mr. Hadley's van was undrivable after the accident. The driver of the truck got out and, after a discussion with Mr. Hadley, agreed to go for help. He did not return and neither did the tow truck that the garbage truck driver promised to call. Because of the unusually snarled traffic conditions, the police did not respond to the accident and Mr. Hadley and Ms. Williams were forced to wait in the snow for several hours until Mr. Hadley's brother came to their aid. This action was filed to recover for bodily injury and property damage sustained by the plaintiffs as a result of that incident.
Plaintiffs filed suit against American Waste Pollution Control Company (American Waste), and its insurer, Continental Casualty Insurance Company (Continental). Also made a defendant was Mr. Hadley's uninsured motorist carrier, Prudential Insurance Company (Prudential). Because the jurisdictional amount for a trial by jury was not met, the matter was tried by the bench. A judgment was rendered in favor of Mr. Hadley and against American Waste and Continental Casualty Company for general damages in the amount of $5,000.00 plus $1,000.00 lost wages, $2,203.00 in medical specials and $702.40 in property damages. Further, judgment was rendered in favor of Ms. Williams and against American Waste and Continental in the amount of $2,000.00 for general damages and $922.00 for medical damages. All claims against Prudential were dismissed. Defendants, American Waste and Continental, bring this appeal.
In brief to this court, defendants argue the trial court erred in finding that an American Waste truck was involved in the accident or, alternatively, that the truck was at fault in the accident. At trial Mr. Hadley testified that his van was rear-ended by American Waste truck number 393. He stated that he was driving very slowly when his van stalled out on the ice and snow. His van was rear-ended by a garbage truck. The force of the *749 impact caused damage to the rear of his van and to the transmission. He testified that he got out of the van and had a discussion with the driver of the truck. Mr. Hadley was certain the truck was an American Waste truck and he wrote down the number of the truck. He also stated that there were two other men riding in the truck at the time of the accident. Ms. Williams testified that she was riding as a passenger in Mr. Hadley's van when the accident occurred. She verified Mr. Hadley's version of the accident and stated she was certain the truck which struck the rear of the van was American Waste truck number 393.
The plaintiffs also presented evidence from Earl Harris and Leroy Miller. Both men testified they were employed as "hoppers" and worked collecting garbage on an American Waste truck on December 22, 1989. They stated they started out on another truck in St. Charles Parish earlier, but were "swapped out" to truck 393 when the first truck was filled. They stated they were on the Jefferson Highway, riding in the truck when it struck the rear of Mr. Hadley's van, but they did not get out because of the weather. They explained that they did not know the driver of the truck and could not recall his name.
The defendants offered evidence from Michael Maniscalco, the safety and human resource manager with Waste Management of New Orleans, a division of American Waste. He testified that according to the company's daily dispatch log, truck number 393 was in St. Charles Parish all day on December 22, 1989. However, he admitted that the information contained on the log is largely obtained from the truck drivers who call in the information. He explained that the drivers of the American Waste trucks are employed by the company. However, the "hoppers" actually work for another company and are contracted out to American Waste. Further testimony was given by Lynell Merrill, an employee of American Waste. He testified that he was the driver of American Waste truck number 393 on December 22, 1989 and that he ran his regular route in St. Charles Parish on that day and was not in Jefferson Parish and further, was not involved in an automobile accident.
The factual finding that American Waste truck number 393 was involved in a traffic accident on the day and time alleged by plaintiffs was based on credibility determinations. When such is the case, this court must use the manifest error/clearly wrong standard of review. That standard demands great deference to the trier of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989).
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
. . . . .
Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.
. . . . .
When findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. (citations omitted)
Rosell v. ESCO, supra at 844.
Given the testimony introduced at trial, we do not find manifest error in the trial court's finding that American Waste truck number 393 was involved in a traffic accident with the plaintiffs.
Defendants also argue the trial court erred in finding American Waste liable for the accident. They assert the sudden emergency doctrine should apply to the facts of this case.
A motorist is obliged to operate his vehicle cautiously and prudently and to keep *750 a proper lookout for hazards. LSA-R.S. 32:81 A provides that, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." While a following motorist may assume that the vehicle in front is being driven with care and caution, he must drive at an appropriate speed and must maintain an interval between the two vehicles as would enable him to avoid a collision with the lead vehicle under circumstances which should be reasonably anticipated. Rizzuto v. Bracamontes, 310 So.2d 132 (La.App. 4 Cir.1975); Nicholas v. Voiron, 568 So.2d 1139 (La.App. 5 Cir.1990). The presumption of negligence in a rear-end collision is on the following driver and he bears the burden of exonerating himself. Evans v. Olinde, 609 So.2d 299 (La.App. 3 Cir.1992).
Defendants attempt to carry that burden by use of the sudden emergency doctrine. Under that rationale, if a following motorist is suddenly confronted with an unanticipated hazard created by a preceding vehicle which the following motorist could not reasonably avoid and a collision ensues, the following driver should be found free of fault. Evans v. Olinde, supra. The rule of sudden emergency cannot be invoked by one who has not used due care to avoid the emergency. The sudden emergency doctrine is applicable to the standard of conduct after an emergency has arisen. It does not apply to lower the standard of care required of motorists before the emergency occurs. Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969); Evans v. Olinde, supra at 302.
We are not persuaded by defendants' argument that the sudden emergency doctrine applies to the facts in this case. The driver of the American Waste truck clearly knew of the hazardous road conditions. There was sufficient testimony, from both the plaintiffs and the passengers in the following vehicle, to establish that there was snow and ice on the roads before the van stalled. In fact, the hazardous conditions precipitated the stalling of the van. The record also shows that other vehicles in the area were slipping on the ice. The hazardous road conditions did not suddenly arise. Further, we find that the stopping of the van under these conditions should have been reasonably anticipated by the driver of the truck and did not constitute a sudden emergency. Consequently, we find no error in the trial court's assessment of fault.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED.