812 So.2d 81 (2002)
Millicent ANDERSON & Sylvia Simmons
v.
Damon M. MAY & Travelers Property Casualty Company.
No. 01-CA-1031.
Court of Appeal of Louisiana, Fifth Circuit.
February 13, 2002.
*83 Donald R. Klotz, Jr., Scott Kryder, New Orleans, LA, Attorneys for Appellants.
Eugene P. Redmann, New Orleans, LA, Attorney for Appellees.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Defendants Omar Firass Khaled and Allstate Insurance Company appeal a judgment of the trial court finding Mr. Khaled to be at fault in an auto accident. For the following reasons, we set aside the portion of the judgment of the trial court determining liability, and render de novo judgment on that issue.
In December, 1999, plaintiffs Millicent Anderson and Sylvia Simmons filed suit against defendant Damon May for injuries received as the result of an accident which occurred on February 17, 1999. In the suit, it was alleged that the negligence of May was the proximate cause of the accident.
Mr. Khaled testified that on the evening of the accident, he was on Lapalco Boulevard attempting to make a U-turn onto Manhattan. It was raining at the time, and he had stopped to wait for traffic. As he accelerated in the turn, the wheels started to spin and his vehicle turned 180 degrees, facing oncoming traffic. He was not hit as he attempted to go into a nearby parking lot, but the (Anderson) vehicle stopped in the far lane, and was struck in the rear by a third car.
Mr. May testified that as he was traveling on Manhattan, he saw Mr. Khaled's car quickly come out of the U-turn and lose control, beginning to "fishtail". The brakes were put on in Anderson vehicle, in front of Mr. May, and he also braked. The preceding car stopped more quickly, and the May auto skidded, rear-ending Anderson. Mr. May was traveling at 35 miles per hour at the time, and was six to seven car lengths behind Anderson. He was paying attention to the Anderson car *84 and where the Khaled vehicle would end up.
Mrs. Anderson testified that she was driving down Lapalco in the far left lane when she saw the Khaled vehicle leave the U-turn and begin to spin. She was able to stop, and he spun into the middle lane. In her rear-view mirror she saw the May vehicle in the middle lane swerve into the left lane and hit her.
Mrs. Simmons testified that she saw the Khaled vehicle enter the U-turn lane approximately two or three car lengths in front of the Anderson car. Khaled's vehicle was out of control and she saw his tires spin. Mrs. Anderson put on her brakes, but the car was hit from the rear.
The trial court took the matter under advisement and rendered judgment against Mr. Khaled and in favor of Mrs. Anderson in the amount of $1800.00 in general damages plus $846.00 in property loss, and $945.00 for medical expenses. Mrs. Simmons was awarded $7200.00 in general damages and $2,504.00 in medical expenses. Khaled and Allstate appeal.
On appeal, Allstate urges that the trial court erred in finding that the claim against it had not prescribed. We note that no exception of prescription was filed into the record on appeal, and while Allstate argues the issue in brief, no exception has been filed with this court. At trial, counsel for Allstate did introduce the issue orally, and the trial court denied the "motion for prescription." An exception of prescription presented only in argument either orally or by way of memorandum or brief is not sufficient.[1] Accordingly, we do not consider this issue.
Next, we note that the trial court simply found in favor of the plaintiffs and against the defendants Allstate and Khaled in its judgment, making no mention of any comparative fault on the part of Mr. May or Mrs. Anderson. In La.C.C. Art. 2323, the Legislature has made it mandatory to determine the percentage of fault of all persons contributing to an injury, whether those persons are unidentified non-parties, statutorily immune employers, or others.[2] In the present case, the trial court was required to determine the percentage of fault, if any, of the other persons involved in the accident. Failure to do so is legal error requiring the appellate court to determine the facts de novo from the entire record and render a decision on the merits.[3] Because of the legal error made by the trial court in failing to determine percentages of fault, we review the liability issue in this case de novo.
Regarding the negligence of Mr. Khaled, it is well settled that a U-turn is one of the most dangerous maneuvers in which a motorist can indulge and that he must make sure that such a maneuver can be accomplished without danger to traffic to his left or rear.[4] Under our jurisprudence *85 a motorist attempting to turn left must make certain the turn can be made without danger to normal overtaking or oncoming traffic and he must yield the right of way to such vehicles. He must refrain from making the left turn unless the way is clear, and if a collision occurs while he is attempting such a maneuver the burden is upon him to show that he was free from negligence.[5] The burden of proving freedom from negligence in executing the turn rests upon the person making the turn.[6] If a motorist fails to see what he should have seen, then the law charges him with having seen what he should have seen, and the court examines his subsequent conduct on the premise that he did see what he should have seen.[7] In addition, an on-coming motorist has a right to assume that a left-turning motorist will yield the right-of-way.
However, the favored driver can still be found negligent if his or her substandard conduct contributed to the cause of the accident. A motorist making a left turn at an intersection will be held free of negligence when the collision results because of the oncoming vehicle's excessive speed which he could not reasonably anticipate.[8] Left-turning drivers will be held free of negligence if they have made the proper signal and commenced the turn upon a reasonable belief, after observing approaching traffic, that the turn would not unduly interfere with the progress of approaching traffic, or where the sole proximate cause of the accident was excessive speed, lack of lookout, and/or lack of control on the part of the approaching vehicle in failing to observe a seasonably-signaled left turn intent and continuing to approach without attempting to bring the vehicle under control.[9]
Under LSA-R.S. 32:81(A), Louisiana law requires that a motorist not follow another vehicle closer than is reasonable and prudent, having due regard for the speed of the preceding vehicle, the traffic conditions and the condition of the highway. The following motorist in a rear-end collision is presumed to have breached this duty, and he bears the burden of exonerating himself.[10] While a following motorist may assume that the vehicle in front is being driven with care and caution, he must drive at an appropriate speed and must maintain an interval between the two vehicles as would enable him to avoid a collision with the lead vehicle under circumstances which should be reasonably anticipated.[11] He may rebut the presumption of fault by establishing that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance under the circumstances.[12]
*86 When a following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle that could not reasonably be avoided, however, the following driver will be adjudged free from fault for the ensuing rear-end accident.[13] The rule of sudden emergency cannot be invoked by one who has not used due care to avoid the emergency. The sudden emergency doctrine is applicable to the standard of conduct after an emergency has arisen. It does not apply to lower the standard of care required of motorists before the emergency occurs.[14] The fact that the second driver is able to see and avoid an emergency situation ahead sets the standard of care applicable to the other following drivers.[15]
Applying the law and jurisprudence to the facts of this case, we find there was no evidence of negligence on the part of Mrs. Anderson. According to the testimony she was not speeding and had proper control of her vehicle, inasmuch as she was able to stop safely. On the other hand, Mr. May was unable to stop in time to avoid the rear-end collision, and has not fully rebutted the legal presumption against him. Whether, as he testified, he was in the left lane behind Mrs. Anderson, or as she testified, swerved left from the middle lane, it is apparent that he did not maintain a safe distance behind her prior to the accident, under reasonably anticipated circumstances, on a wet roadway. The sudden emergency created by Mr. Khaled does not fully exonerate Mr. May.
However, it is clear that Mr. Khaled did violate the standard of care relative to making a U-turn onto the highway. He miscalculated his entry onto Lapalco, failing to see that the Anderson vehicle was approaching and, according to the testimony, traveling at an excessive speed under the circumstances. Mr. Khaled did not carry his burden of proving that he was free from fault. Considering all of these facts, we hold that Mr. May was 70% at fault, that Mr. Khaled was 30% at fault, and that Mrs. Anderson was free from fault. Judgment is rendered accordingly.
The issue of quantum has not been appealed by any party; therefore, the damages granted by the trial court are affirmed.
Costs of this appeal are assessed against appellant.
JUDGMENT OF THE TRIAL COURT SET ASIDE IN PART AND AFFIRMED IN PART; RENDERED.
NOTES
[1] Hyde v. Hibernia Nat. Bank in Jefferson Parish, 584 So.2d 1181, 1184 (La.App. 5 Cir. 1991); Rapp v. City of New Orleans, 95-CA-1638 p. 50 (La.App. 4 Cir. 9/18/96); 681 So.2d 433, 457, writ denied 96-2925 (La.1/24/97); 686 So.2d 868; Michigan Wisconsin Pipeline Co. v. Hebert. 488 So.2d 754 (La.App. 3rd Cir.1986), writ denied, 493 So.2d 636 (La.1986).
[2] See Keith v. U.S. Fidelity & Guar. Co., 694 So.2d 180 (La.1997)
[3] See Frazer v. St. Tammany Parish School Bd., 99-2017 (La.App. 1st Cir.12/22/00), 774 So.2d 1227, writ denied 2001-C-0233, (La.3/23/2001), 787 So.2d 1001; Bell v. Ayio, 97-534 (La.App. 1 Cir. 11/13/98); 731 So.2d 893, writ denied, 98-3115 (La.2/5/99); 738 So.2d 7.
[4] Booth v. Aetna Casualty & Surety Co., 220 So.2d 188 (La.App. 1st Cir.1969); Cory v. Employers Mut. Liability Ins. Co. of Wis., 267 So.2d 761 (La.App. 2 Cir.1972); Trosclair v. Terrebonne Parish School Bd., 489 So.2d 1293 (La.App. 1 Cir.1986), writs denied 493 So.2d 644, 647, 649 (La.1986).
[5] Walker v. McCartney, 96-706 (La.App. 5 Cir. 9/17/97), 700 So.2d 898 (citations omitted).
[6] Id.
[7] Sanchez Fernandez v. General Motors Corporation, 491 So.2d 633, 636 (La.1986); Severson v. St. Catherine of Sienna Catholic Church, 97-1026 (La.App. 5th Cir.2/11/98), 707 So.2d 1026.
[8] Severson v. St. Catherine of Sienna Catholic Church, supra.
[9] Severson v. St. Catherine of Sienna Catholic Church, supra; Stafford v. Insurance Co. of State of Pa., 170 So.2d 702 (La.App. 1 Cir. 1964).
[10] Hadley v. Doe, 626 So.2d 747 (La.App. 5th Cir.1993).
[11] Id.
[12] Chambers v. Graybiel, 25,840 (La.App. 2 Cir.6/22/94), 639 So.2d 361, writ denied, 94-1948 (La.10/28/94), 644 So.2d 377; Spiller v. Ekberg 00-130 (La.App. 5th Cir.5/17/00), 762 So.2d 226.
[13] Orgeron v. Prescott, 93-926 (La.App. 5th Cir.4/14/94), 636 So.2d 1033, writ denied, 94-1895 (La.10/28/94), 644 So.2d 654.
[14] Hadley v. Doe, supra.
[15] Potts v. Hollier, 344 So.2d 70 (La.App. 4th Cir.1977); Ferrara v. McCarter, 539 So.2d 1247 (La.App. 4 Cir.1989).