MARY A. BOURGEOIS
v.
JHONNA DEMETRIUS LEONARD AND ILLINOIS NATIONAL INSURANCE COMPANY
2007 CA 1487
Court of Appeals of Louisiana, First Circuit.
February 8, 2008
Not Designated for Publication
LEONARD CARDENAS, III, SCOTTY E. CHABERT, Jr., Baton Rouge, La, Attorneys for Plaintiff  Appellee, Mary A. Bourgeois.
RICHARD S. THOMAS, WILLIAM L. NEALY, Baton Rouge, La, Attorneys for Defendant  Appellant State Farm Mutual Automobile Ins. Co.
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
WELCH, J.
Defendant insurer, State Farm Mutual Automobile Insurance Company (State Farm), appeals a trial court judgment finding that the plaintiff was completely free from fault in causing a motor vehicle accident on October 10, 2003. State Farm assigns as additional error that the trial court erred by not finding that it was entitled to a credit for any and all underlying liability insurance and in finding that plaintiff established damages by a preponderance of the evidence.
Plaintiff, Mary A. Bourgeois, was driving her 2002 Hyundai with guest passenger, Julie Hanley, in Baton Rouge, Louisiana, on October 10, 2003. When proceeding up the Washington Street ramp for the purpose of merging onto I-10 E, Ms. Bourgeois rear-ended a 1991 Ford Taurus operated by Jhonna Demetrius Leonard. Prior to this accident, Mr. Leonard had rear-ended a vehicle operated by Mr. Lawrence Lomas. Mr. Lomas, who is not a party to this lawsuit, was stopped at the Washington Street on-ramp, waiting for an eighteen wheeler to pass before proceeding to merge from the on-ramp onto the interstate.
Ms. Bourgeois sustained physical injuries and property damage as a result of the accident. Accordingly, she filed suit against Mr. Leonard and his liability insurer, Illinois National Insurance Company. By a Second Supplemental and Amending Petition, Ms. Bourgeois sued State Farm. State Farm provided a policy of liability insurance to Vegennie Hunter,[1] Mr. Leonard's aunt, with whom he resided. It was alleged that Mr. Leonard was covered under his aunt's policy as a "resident relative."
The matter proceeded to a bench trial against State Farm on February 6, 2007.[2] Ms. Bourgeois testified at trial and her medical records were submitted into evidence. In addition, Ms. Hanley, the passenger, and Mr. Lomas were called to testify on Ms. Bourgeois' behalf. Mr. Leonard and the investigating officer, Gary Sylvan, were called as witnesses by State Farm. At the conclusion of the trial, the matter was taken under advisement. On March 21, 2007, the court rendered judgment in favor of Ms. Bourgeois and against State Farm without reasons.[3] This appeal followed.[4]
On the issue of liability, there was a conflict in the testimony concerning whether defendant's taillights were operational prior to the second collision, a factor alleged to have played a significant role in causing the accident. It appears the trial court credited Ms. Bourgeois' testimony on this issue, along with that of her guest passenger, in assessing fault. Notwithstanding, State Farm contends that the trial court erred in concluding that Ms. Bourgeois was completely free from fault in the accident at issue, particularly in light of Louisiana's jurisprudential presumption that when a following vehicle rear-ends a vehicle ahead of it, the following vehicle is presumed to be at fault. See Welch v. Thomas, 263 So.2d 427, 429 (La. App. 1st Cir.), writs denied, 262 La. 1132, 1137, 1143, 266 So.2d 434, 436, 438 (La. 1972). This presumption is premised on La. R.S. 32:81(A) which provides:
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.
A following motorist in a rear-end collision is presumed to have breached this duty, and he bears the burden of exonerating himself. Anderson v. May, XXXX-XXXX (La. App. 5th Cir. 2/13/02), 812 So.2d 81, 85. While a following motorist may assume that the vehicle in front is being driven with care and caution, he must drive at an appropriate speed and must maintain an interval between the two vehicles as would enable him to avoid a collision with the lead vehicle under circumstances that should be reasonably anticipated. Id. Nevertheless, a following motorist may rebut the presumption of fault by establishing that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance under the circumstances. Id. The law also provides that when a following motorist is suddenly confronted with an unanticipated hazard created by the lead vehicle that could not reasonably be avoided, the following driver will be adjudged free from fault for the ensuing rear-end accident. Id. at 86. However, the rule of sudden emergency cannot be invoked by one who has not used due care to avoid the emergency. Id.
State Farm contends that even if Mr. Leonard's taillights were inoperable prior to the second collision, Ms. Bourgeois as a following motorist failed to keep a proper lookout and failed to follow at a safe distance under the circumstances. However, the allocation of fault is a finding of fact within the sound discretion of the trier of fact and should not be disturbed on appeal in the absence of error. Dickens v. Commercial Union Insurance Company, 99-0698, 99-0699, p. 7 (La. App. 1st Cir. 6/23/00), 762 So.2d 1193, 1198. An appellate court may only reallocate fault if it finds the trial court was clearly wrong or manifestly erroneous in its allocation of fault. See Clement v. Frey, 95-1119, 95-1163, pp. 7-8 (La. 1/16/96), 666 So.2d 607, 611. Pursuant to this standard, the two-part test for the appellate review of a factual finding is: (1) whether there is a reasonable factual basis in the record for the finding of the trial court; and (2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). Even though an appellate court may feel its own evaluations and inferences are as reasonable as the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989); Barham & Arceneaux v. Kozak, 2002-2325, pp. 14-15 (La. App. 1st Cir. 3/12/04), 874 So.2d 228, 240, writ denied, XXXX-XXXX (La. 6/4/04), 876 So.2d 87. Based on the record, we find that the trial court's allocation of fault was not clearly wrong.
The medical evidence at trial indicated that Ms. Bourgeois was treated immediately for complaints of neck and back pain as a result of the accident. An MRI of the lumbosacral spine revealed some mild disc bulging and facet arthropathy. The medical records demonstrated that Ms. Bourgeois' pain or discomfort remained at a constant level for at least a year. Moreover, she engaged in physical therapy for a period of time following the accident and continued to do these exercises at home as of the time of trial. Ms. Bourgeois testified that after the accident, she was unable to do many of the things she loved, such as play softball, cut grass, and play with her grandchildren.
Accordingly, the award of general damages[5] was based primarily on an evaluation of Ms. Bourgeois' credibility. The assessment of the appropriate amount of damages is a question of fact entitled to great deference on review. Wainwright v. Fontenot, XXXX-XXXX, p. 6 (La. 10/17/00), 774 So.2d 70, 74. In fact, the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L. Ed.2d 379 (1994).
Therefore, after a thorough review of the record, we cannot say that the trial court committed manifest error in reaching its decision. Accordingly, we affirm the trial court's judgment.[6] All costs of this appeal are assessed to State Farm Mutual Automobile Insurance Company.
AFFIRMED. MOTION TO SUPPLEMENT AND AMEND BRIEF ON THE MERITS DENIED.
NOTES
[1] Ms. Bourgeois' Second Supplemental and Amending Petition incorrectly names Ms. Hunter as Mr. Leonard's mother. Mr. Leonard testified at trial that although Ms. Hunter is his legal guardian, she is in fact his aunt.
[2] Prior to trial, Ms. Bourgeois settled her claim against Illinois National Insurance Company for its policy limits of $10,000.00.
[3] The judgment was signed on June 20, 2007.
[4] Also pending is a Motion to Supplement and Amend Brief on the Merits filed by State Farm and alleged to be unopposed by Ms. Bourgeois. The motion was filed because the trial court signed a written judgment that erroneously casts State Farm for the full amount of its "underinsured motorist coverage" policy limits. Noting that the judgment erroneously refers to State Farm as the underinsured motorist carrier, the parties asked the court to sign a Stipulated Amended Judgment to correctly reflect State Farm's status as the secondary or excess automobile liability insurer of Mr. Leonard and to also reflect that the judgment should have stated or clarified that State Farm would receive a credit for the $10,000.00 previously paid by Illinois National Insurance Company, and would owe Ms. Bourgeois an additional $11,500.00 subject to its policy limits. The Stipulated and Amended Judgment was never signed by the trial court. Therefore, State Farm filed a motion with this court to supplement and amend brief on the merits. The motion is denied. We note that the record reflects that prior to the start of trial the parties entered a stipulation on the record that State Farm would receive a credit for the $10,000.00 already paid by Illinois National Insurance Company. Moreover, we note that the parties also stipulated that Mr. Leonard was an omnibus insured as a "resident relative" under Ms. Hunter's State Farm policy. Therefore, it is clear that State Farm is in this litigation in that capacity and not as an uninsured/underinsured motorist carrier of Ms. Bourgeois. The June 20, 2007 judgment, although not precisely worded, evidences the trial court's intent to give State Farm a credit of $10,000.00 for the primary liability coverage paid by Illinois National Insurance Company, but casts State Farm for an additional $11,500.00, or its liability policy limits, as excess insurer. Accordingly, this assignment of error is resolved based on the stipulations of the parties.
[5] In addition to the $10,000.00 paid by Illinois National Insurance Company, the trial court awarded Ms. Bourgeois an additional $11,500.00 in general and special damages. Ms. Bourgeois introduced into evidence medical bills in the amount of $4,607.50, which she claimed were attributable to this accident. The judgment is not broken down into special and general damages, so it is assumed that the trial court awarded Ms. Bourgeois the full amount of her medical bills, presumably resulting in a general damage award of $16,892.50. State Farm complains that Ms. Bourgeois did not produce medical testimony to support future medical expenses nor did Ms. Bourgeois establish a lost wage claim; however, there is no indication that the trial court awarded future medical expenses or lost wages.
[6] This memorandum opinion is issued in compliance with Uniform Rules  Courts of Appeal Rule 2-16.1(B).