NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1579

EDDIE MADDEN, ET AL.

VERSUS

ALLSTATE INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 220,823
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Robert L. Ellender
Voorhies & Labbe
P. O. Box 3527
Lafayette, LA 70502-3527
Counsel for Defendants/Appellees:
    RCI Services
    American Casualty Company, &
    Jason B. Humphries

**Howard N. Nugent  Jr. Esq**
**Nugent Law Firm**
**P. O. Box 1309**
**Alexandria, LA 71309-1309**
**Counsel for Plaintiffs/Appellants:**
> **Eddie Madden**
> **Cornelius Madden &**
> **Eligah Tillman**

**Michael T. Johnson**
**Johnson & Siebeneicher**
**P. O. Box 648**
**Alexandria, LA 71309**
**Counsel for Defendants/Appellees:**
> **Allstate Insurance Company &**
> **Charles Andre Christopher**

**PICKETT, J.**

The plaintiffs, Eddie and Cornelius Madden, and Elijah Tillman, appeal a judgment of the trial court finding the defendant, Roy C. Smith, one hundred percent at fault in causing the collision which resulted in their injuries. We affirm the judgment of the trial court.

**FACTS**

The plaintiffs were all guest passengers in a vehicle driven by the defendant, Roy C. Smith. The Smith vehicle was the third vehicle in line, heading north, approaching the traffic circle on McArthur Drive in Alexandria. The lead vehicle, a F-150 pick-up truck, which was being driven by Charles Christophe, stopped at the traffic circle to allow traffic in the circle to clear. Mr. Christophe testified that he took his foot off the brake in preparation to move forward, but because of a fast moving car in the circle, he could not merge with the traffic. He stated that as he waited for the fast moving car to pass, his truck was struck from the rear. Jason Humphries, the driver of the second vehicle, stated that he came to a stop about ten feet behind Christophe's truck. He said that when Christophe let off of his brakes, he (Humphries) let off of his brakes and started looking back to see if it was clear for him to enter the circle. Humphries said that when he looked forward, Christophe had not entered the circle and that it was impossible to avoid rear-ending Christophe's truck. Humphries stated that he did not know another vehicle was behind him until the trailer attached to his truck was struck from the rear.

Roy C. Smith, the driver of the third vehicle, was unable to be located for either a deposition or for appearance at trial. A curator ad hoc was appointed to represent

1

Mr. Smith. The curator was unable to located the defendant and on January 4, 2007, a default judgment was rendered against Mr. Smith.

Following the trial of the matter, the trial judge found Mr. Smith 100% at fault in causing the collision between the vehicle he was operating and the second vehicle in the chain. She awarded the plaintiffs judgment against Mr. Smith and US Agencies Casualty Insurance Company, the insurer of the vehicle Smith was driving at the time of the accident. The plaintiffs appealed.

**LAW AND DISCUSSION**

On appeal, the plaintiffs argue that the defendant, Humphries, the driver of the second vehicle, created a sudden emergency when he came to a sudden stop after impacting the lead vehicle; they argue that "but for" Humphries following the lead vehicle too closely the accidents would never had happened.

The judgment in this case was based upon factual findings by the trial court. The standard of appellate review in such cases has long been established:

> It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. In applying the manifestly erroneous—clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues *de novo*.
>
> When findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard

demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

*Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989) (citations and footnote omitted).

Louisiana Revised Statutes 32:81 states in pertinent part the following: "A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway" *i.e.,* the following driver has a duty not to follow the preceding vehicle too closely.

In a rear-end collision, the following motorist is presumed to have breached this duty and he bears the burden of proving that he was not negligent. *Anderson v. May*, 01-1031 (La.App. 5 Cir. 2/13/02), 812 So.2d 81, 85. While the following motorist may assume that the preceding vehicle is being driven with care and caution, he must drive at an appropriate speed and must maintain an interval between the two vehicles as would enable him to avoid a collision with the preceding vehicle under circumstances which should be reasonably anticipated. *Id.* The following driver may rebut the presumption of fault by establishing that he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances. *Spiller v. Ekberg*, 00-130 (La.App. 5 Cir. 5/17/00), 762 So.2d 226, 228.

*Phipps v. Allstate Ins. Co.*, 05-651, pp. 4-5 ( La.App. 5 Cir. 2/27/06), 924 So.2d 1081, 1084.

In her reason for judgment, the trial judge stated as follows:

The court, similar to *Phipps v. Allstate*, evaluated all of the various factors to determine whether or not the preceding rear end

3

collision constituted an unanticipated hazard. The slow moving traffic and the very nature of a traffic circle, namely, traffic attempting to enter the circle must yield to traffic already in the circle, should have made a preceding vehicle stop reasonably anticipated by the driver of Plaintiffs' vehicle. Also, Plaintiffs admitted in the testimony that "traffic was moving slowly" and was "stop and go" on the day in question. The testimony further revealed that the first car was already at a stop waiting to safely enter the traffic circle and merely let off his brakes in an attempt to enter the circle before reapplying the brakes, when the preceding rear end collision occurred. The Plaintiffs estimated the speed of their own vehicle was around five miles per hour. The court believes that the preceding rear end collision was not an unanticipated hazard. No evidence was presented to the court that Mr. Smith, as a following motorist, was closely observing the first and second vehicles as he approached the traffic circle or was following at a safe distance under the circumstances. The court finds that the Plaintiffs failed to overcome the presumption that the driver of the following vehicle is presumed to be negligent when a rear end accident occurs. The court finds that Mr. Smith[,] the driver of the third vehicle[,] is one hundred percent at fault for causing injury to his passengers[,] and the driver of the second vehicle is not liable to the guest passengers.

The court was advised prior to trial that the Plaintiffs had settled with their driver and his insurer; therefore, no further decision is required of the court.

Our examination of the record reveals no evidence which would lead us to conclude that the trial court was "clearly wrong" in its conclusion " that the Plaintiffs failed to overcome the presumption that the driver of the following vehicle" was one hundred percent at fault in causing the collision between the second and third vehicles.

Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiffs/appellants.

**AFFIRMED.**

4