Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,668-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BRIGID A. CONNELL AND
KENNETH D. GOFORTH

Plaintiffs-Appellants

versus

RICHWOOD GARDENS, INC., KEITH
A. MCGOUGH, STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY, DUSTIN B.
DEMOSS AND PROGRESSIVE
INSURANCE COMPANY

Defendants-Appellees

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 20211786

Honorable Wilson Rambo, Judge

* * * * *

MICHAEL JOHN MESTAYER, APLC

Counsel for Appellant,
Brigid A. Connell

MCKEITHEN, RYLAND, AND CHAMPAGNE
By: Louis Victor Champagne

Counsel for Appellant,
Kenneth D. Goforth

CHRISTIANSEN LAW FIRM
By: Jan Peter Christiansen, III

Counsel for Appellees,
Richwood Gardens, Inc.,
Keith McGough, and
State Farm Fire &
Casualty Insurance
Company

* * * * *

Before STONE, HUNTER, and COX, JJ.

**STONE, J.**

This personal injury matter concerns a three-vehicle collision on a four-lane state highway near Monroe, Louisiana where the appellants, Brigid A. Connell and Kenneth D. Goforth ("Goforth") ("collectively referred to as "appellants"), were both injured. The defendant, Richwood Gardens Inc., operates a cemetery in Monroe, with Keith McGough ("McGough"), as its manager (collectively referred to as "appellees"). The appellants were rear-ended by Dustin DeMoss ("DeMoss"), causing their vehicle to crash into McGough's pickup truck. The appellants filed suit against DeMoss, Richwood Gardens, and McGough for the injuries they sustained as a result of the accident. At the conclusion of a trial, the jury allocated 100% fault to DeMoss and did not find any negligence on the part of the appellees. Following a hearing on a motion for a new trial, the district court denied the motion with written reasons. It is from this decision the appellants appeal.

## FACTS AND PROCEDURAL HISTORY

On the morning of September 30, 2020, a Richwood Gardens backhoe, used for digging grave sites, became nonfunctional. Arrangements were made to borrow another backhoe which was located a few miles south on U.S. Hwy 165. The backhoe operator — a Richwood Gardens employee — drove the borrowed backhoe northbound along the highway back toward the cemetery at a speed less than 20 mph. McGough closely followed behind the backhoe in his F-150 pickup truck. (The posted speed limit on the highway was 65mph.) The appellants were traveling in an SUV when suddenly they came upon the backhoe and McGough's pickup truck necessitating an immediate decrease in their speed. Appellants also

activated their vehicle's emergency flashers but remained behind McGough's truck. The appellants did not attempt to switch lanes or maneuver around the slow-moving vehicles because their exit was just ahead. As the appellants prepared to exit, they were suddenly rear-ended by a Dodge pickup truck, driven by DeMoss. The force from the impact propelled the appellants into McGough's truck. Notably, the backhoe was not struck in the collision. All parties involved in the collision were transported to the hospital.

The appellants filed suit against the appellees and DeMoss for the injuries they sustained in the accident. At trial, the appellants testified that they saw McGough's pickup truck and acknowledged that they were able to slow down behind him without making contact and activated their emergency flashers. According to Goforth, DeMoss admitted to conversing with the passengers in his vehicle and being distracted at the time of the accident. An independent witness to the collision — a former law enforcement officer — Jeff Bailes ("Bailes"), was also traveling north on U.S. Hwy 165 at about 73 mph in the right lane when DeMoss' truck passed by him and entered his lane of travel. Bailes further testified that upon entering the right lane in front of him, DeMoss' truck began to swerve in and out of the lane and next, collided with the appellants' vehicle. Lastly, Bailes testified that he did not see any other vehicles on the highway other than those involved in the accident.

At the end of trial but prior to charging the jury, the appellants requested two special jury instructions: La. R.S. 32:263 (B)[1] and La. R.S. 32:298 (A).[2] The appellants further urged the district court to instruct the jury in accordance with the language of *Brooks v. State ex rel. Dep't of Transp. & Dev.*, 10-1908 (La. 7/1/11), 74 So. 3d 187 and *Barber Bros. Contracting Co., LLC v. Capitol City Produce Co., LLC,* 23-00788 (La. 6/28/24), 388 So. 3d 331, *reh'g granted,* 23-00788 (La. 8/2/24), 389 So. 3d 828, *and on reh'g*, 23-00788 (La. 12/19/24), 397 So. 3d 404, *reh'g denied*, 23-00788 (La. 2/14/25), 400 So.3d 918, relative to the illegal operation of construction equipment (i.e., a backhoe), on travel lanes or shoulders of high-speed highways. The district court did not include the special instructions because it did not think they were wholly correct and pertinent statements of the law as applied to this case. Furthermore, the district court believed that the special instructions would confuse the jury. Following deliberation, the jury did not find any negligence or causation on the part of the Richwood Garden employees and found DeMoss to be 100% at fault in causing the accident.

The appellants moved for a new trial and a hearing thereon was held on September 4, 2024. Appellants argued that the jury was both legally and

---

[1] La. R.S. 32:263 (B) provides: "No person shall drive or permit to be driven on any Louisiana interstate highway, any farm tractor, road tractor, or other vehicle which is normally operated at a speed of less than 20 miles per hour."

[2] La. R.S. 32:298 (A) provides: "Except as otherwise prohibited by law, to allow for unrestricted flow of traffic, farm tractors and other types of farm equipment may operate on the shoulders of any publicly maintained highway with improved asphalt or concrete shoulders except an interstate highway. However, any farm equipment operating on the shoulders of a publicly maintained highway with improved asphalt on concrete shoulders except an interstate highway shall have in use hazard warning signals as provided in R.S. 32:320.1, or shall have displayed a slow-moving vehicle emblem as provided in R.S. 32:377 or any other hazard warning device which has been approved by the commissioner, or any combination thereof."

3

factually wrong in finding DeMoss 100% at fault for the cause of the accident. The appellants urged that the jury's decision was against the weight of the evidence, as Richwood Gardens should have been assessed *some* percentage of fault because the backhoe being driven at a significantly slower rate of speed on a state highway was a major contributing factor in causing the accident. The district court took the matter under advisement, and on January 15, 2025, denied the appellants motion for a new trial and issued written reasons. It is from this judgment that the appellants appeal.

## DISCUSSION

The appellants assert that the district court committed manifest error in failing to instruct the jury that the actions of the defendants, under La. R.S. 32:263, *Brooks, supra* and *Barber, supra,* created a presumption of fault on their part in causing the collision. The appellants argue that excluding these instructions biased the jury's deliberations and prejudiced the case.

Louisiana C.C.P. art. 1792(B) mandates district courts to instruct the jury on the law applicable to the case before them. If the district court omits an applicable, essential legal principle, its instruction does not adequately set forth the issues to be decided by the jury and may constitute reversible error. *Adams v. Rhodia, Inc*. 07-2110 (La. 5/21/08), 983 So. 2d 798. Whether the district court gave adequate jury instructions is reviewed under the manifest error standard. *Adams, supra.* Adequate jury instructions fairly and reasonably point to the issues in dispute and to the principles of law that the jury should apply to those issues. *Johnson v. First Nat. Bank of Shreveport*, 00-870 (La. App. 3 Cir. 6/20/01), 792 So. 2d 33, *writ denied*, 01-2770 (La. 1/4/02), 805 So. 2d 212, and *writ denied*, 01-2783 (La. 1/4/02), 805 So. 2d

4

District courts are given broad discretion in formulating jury instructions and a district court judgment should not be reversed so long as the charge correctly states the substance of the law. *Wooley v. Lucksinger*, 09-0571, (La. 4/1/11), 61 So. 3d 507, 574. The trial judge is under no obligation to give any specific jury instructions requested by either party. *Adams supra; Johnson, supra.* Under the manifest error standard of review, appellate courts should not reverse unless the jury instructions were so erroneous or inadequate, so that the jury was prevented from reaching a verdict based on the law and the facts. *Martinez v. Schumpert Med. Ctr.,* 27,000 (La. App. 2 Cir. 5/10/95), 655 So. 2d 649. Ultimately, the determinative question is whether the jury was misled by the instructions and prevented from dispensing justice. *Adams, supra.*

In this case, the district court instructed the jury as follows:

> No person shall operate a motor vehicle on the highway of this State at such a slow speed to impede the normal and reasonable movement of traffic. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. Following motorist in rearend collision is presumed to have breached his duty and therefore presumed negligent. La. R.S. 32:64 (B)

Even though different judges may have given the jury the special instruction requested by the appellants as it relates to operating farm equipment on a state highway, we find that the district court did not commit manifest error, as the distributed instructions correctly stated the substance of the law applicable to this case. *Brooks, supra,* and *Barber, supra,* are not analogous to the case before us. Moreover, the appellants had ample

5

opportunity to argue *their* interpretation of the law and instructions provided to the jury — yet failed to do so. This assignment is without merit.

**Motion for New Trial**

The appellants urge that the district court erred in denying their motion for a new trial, arguing that the jury's conclusion that there was no negligence on the part of Richwood Gardens is against the weight of the evidence. They further argue that the illegal operation of the backhoe and the pickup truck started a chain of events that ultimately created a sudden emergency that caused the accident.

La. C.C.P. art. 1972 provides that a new trial shall be granted, upon contradictory motion of any party when the verdict or judgment appears contrary to the law and the evidence. The decision to grant a new trial is discretionary but cannot result from the judge's disagreement with the verdict. The verdict itself should not be set aside if it is supportable by any fair interpretation of the evidence. *Davis v. Wal-Mart Stores Inc.*, 00-0445 (La. 11/28/00), 774 So. 2d 84. A court of appeal should not set aside a district court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State Dept. of Transp. & Dev.*, 617 So. 2d 880 (La. 1993). The task of a reviewing court is to assess whether the factfinder's resolution of conflicting evidence was reasonable in light of the record as a whole. *Fowler v. Wal-Mart Stores, Inc.*, 30,843 (La. App. 2d Cir. 8/19/98), 716 So. 2d 511

When a following vehicle collides with a preceding automobile, the following driver is presumed at fault and must prove a lack of fault to avoid liability. *Mart v. Hill,* 505 So. 2d 1120 (La. 1987); *Chambers v. Graybiel,*

6

25,840 (La. App. 2 Cir. 6/22/94), 639 So. 2d 361, *writ denied*, 94-1948 (La. 10/28/94), 644 So. 2d 377.  On the other hand, when other vehicles are able to stop behind the lead vehicle, the last one which precipitates the chain reaction is negligent.  *Chambers, supra; Knowles v. McCright's Pharmacy, Inc.,* 34,559 (La. App. 2 Cir. 4/4/01), 785 So. 2d 101.  The rule of sudden emergency cannot be invoked by one who has not used due care to avoid the emergency. *Anderson v. May,* 01-1031 (La. App. 5 Cir. 2/13/02), 812 So. 2d 81.  The law charges the driver with having seen what he should have seen, and subsequent events are judged as though he did see what he should have seen. *Ebarb v. Matlock*, 46, 243 (La. App. 2 Cir. 5/18/11), 69 So. 3d 516, 521, *writ denied*. 2011-1272 (La. 9/23/11), 69 So. 3d 1164.

Here, the record demonstrates that a reasonable factual basis exists for the jury's finding that Richwood Gardens was absolved from fault.  The circumstances of the collision described at trial by eyewitnesses reveal: (1) the backhoe was traveling at a low rate of speed on the highway by Richwood Gardens employees, (2) the appellants slowed their vehicle and activated their flashers to avoid a collision, and (3) DeMoss was traveling at a high rate of speed, swerving in and out of lanes when he rear-ended the appellant's vehicle.  The jury was entitled to accept or reject the appellants' account of the facts surrounding the accident and their theory of causation. It was reasonable for the jury, based on all the facts presented at the trial court, to determine that DeMoss could have avoided the collision were it not for his own negligence.  The sudden emergency doctrine is applicable to the standard of conduct *after* an emergency has arisen and cannot *lower* the standard of care required of motorists prior thereto.  Therefore, we cannot

7

find that the jury was clearly wrong or manifestly erroneous in finding DeMoss 100% at fault. Consequently, the district court did not err in denying the appellant's motion for a new trial.

## CONCLUSION

The judgment of the district court is affirmed. All costs of this appeal are assessed to the Appellants.

**AFFIRMED. COSTS ASSESSED TO APPELLANTS.**