JAMES C. GULOTTA, Judge, Pro Tempore.
| ¡.This is an appeal by plaintiffs from an adverse judgment of the trial court in their personal injury action for injuries sustained in an automobile accident. The suit named Mark Favaloro and his insurer, Allstate Insurance Company (Allstate) as defendants. After a trial on the merits, the trial judge found plaintiffs’ testimony to be unreliable, resulting in this dismissal of plaintiffs’ suit. This appeal follows.

LIABILITY

Defendant, Mark Favaloro, was driving a 1997 Ford pick-up truck west-bound on Jean Lafitte Boulevard on April 17, 2002. He was going about 40 mph when he noticed that the car in front of him, driven by Ms. Leonard, stopped to make a left turn. Although Mr. Favaloro slowed down, he was unable to stop in time and hit plaintiffs’ car in the rear. Mr. Favaloro testified that he misjudged the distance between his vehicle and Ms. Leonard’s car because of the glare. He further testified that he admitted his fault in the accident to the investigating officer.
Ms. Leonard’s testimony regarding the facts of the accident corroborates that of Mr. Favaloro. She testified that she was traveling on Jean Lafitte, a two-lane |sroad. She stopped to wait for a break in on-coming traffic that would allow her to make a left turn safely. While stopped, Mr. Favaloro’s truck hit her vehicle in the rear. She did not see the truck approaching, she only felt the impact.
La. R.S. 32:81 A provides that a driver “shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.” While a following motorist may assume that the vehicle in front is being driven with care and caution, he must drive at an appropriate speed and must maintain an interval between the two vehicles as would enable him to avoid a collision with the lead vehicle under circumstances which should be reasonably anticipated. Hadley v. Doe, 626 So.2d 747 (La.App. 5th Cir.1993). The following motorist in a rear-end collision is presumed to have breached this duty, and he bears the burden of exonerating himself. Id.
In the matter before us, the trial judge found plaintiff “solely” at fault in the accident, stating that she did not “sustain” her burden of proof. The trial judge based his conclusion on lack of credibility on the part of the plaintiff. We find that ruling to be in error. It is clear from the testimony of both parties that Mr. Favaloro ran into the back of Ms. Leonard’s vehicle while she was stopped waiting to make a legal left turn. The burden is on Mr. Favaloro to rebut the presumption *1193 placed upon him as the following driver. He has not carried that burden.
The issue here is not one of credibility. There was no disagreement on how the accident happened. The versions were the same. Therefore, on the liability question we conclude the trial judge erred in dismissing plaintiffs’ suit.

DAMAGES

Because of the holding, the trial judge did not award to plaintiffs any damages. In written reasons the judge stated that Tammy Leonard “testified | ¿falsely.” He clearly found her testimony to lack credibility. We find no error in the trial judge’s finding of lack of credibility on the part of plaintiff Tammy Leonard as it relates to the medical aspects of this matter. A reading of the record clearly supports this conclusion.
Ms. Leonard testified that prior to the accident she had no physical problems and was able to do her own housework and yard work, as well as help to care for elderly relatives. Approximately two days after the accident, Ms. Leonard began to experience back pains and headaches. She consulted Dr. Gary Stephenson who told her to use heat to ease the pain in her back and prescribed a back brace. She saw Dr. Stephenson on April 18 and 24 of 2002. Because she was still having pain two weeks post accident, she saw Dr. Eddie Smith her family physician on April 29, 2002. Dr. Smith prescribed Lortab for pain, which provided some relief. Nonetheless, according to plaintiff, she would experience “flare-ups” of pain when she lifted something heavy. Medical records indicate she saw Dr. Smith again on June 26, August 26, November 18, 2002 and April 3, 2003. In between visits to Dr. Smith, Ms. Leonard was treated by Dr. Fred Fernandez, a chiropractor. Her treatment consisted primarily of heat compresses.
She further testified that she had diagnostic x-rays taken at the emergency room of Charbert Medical Center in Houma the day of the accident, but never received them. The chiropractor would not do manipulation until he had access to the x-rays. Consequently, she only saw Dr. Fernandez twice. No Charbert x-rays were produced.
Ms. Leonard explained that it was not until four or five months after the accident that she was comfortable holding her four-year-old daughter. She also stated that she did not have sexual relations with her husband for “a few months” following the accident.
|sMs. Leonard’s testimony became confused and unreliable during the cross-examination. She admitted that she consulted an attorney before seeking medical treatment and was sent to Dr. Stephenson. However, she still maintained she had visited an emergency room for treatment at a hospital in Houma (Charbert Medical Center) where diagnostic x-rays were taken. But, she also stated that she was unable to obtain these x-rays. When confronted at trial with her prior deposition, she admitted she did not mention the x-rays in her deposition, saying only that she stopped seeing the chiropractor because she could do the heat applications at home.
Obviously, the lack of introduction of x-rays or a report from Charbert Medical Center raises the question of plaintiffs credibility. The trial judge properly concluded, “(t)his Court presumes that evidence in which the plaintiff failed to provide to opposing counsel is unfavorable to plaintiff.”[1]
*1194 Her testimony also differs at trial, from that given in her deposition about her ability to do yard work. Her testimony was that after the accident, she was unable to do yard work. However, in her deposition, Ms. Leonard testified that in June of 2002, she was doing yard work and hauling as many as twelve bags of mulch from her car to her yard. During that process, she re-injured her back. Ultimately, Ms. Leonard admitted that despite instructions from her doctors to avoid heavy lifting, she moved furniture and hauled bags of mulch, causing a re-injury to her back. Further, she was injured in a fight on December 21, 2002. She was treated at Our Lady Star of the Sea Hospital for a human bite to the hand. She also required a CT-scan because of a contusion to the back of the head and slurred speech. She maintained this incident also re-injured her back.
IfiMr. Leonard also testified at trial. He stated that he did not have sexual relations with his wife for six months after the accident and that he had to help with the housework during that time because his wife was suffering back pain.
Included in the record are depositions and medical records of Drs. Stephenson, Fernandez and Smith. It is clear from these depositions and medical records that Ms. Leonard saw Dr. Stephenson on three occasions, April 18, 23, 24, 2002. Because these visits were in close proximity to, and clearly related to the April 17th accident we find them to be compensable. We further find the visit to Dr. Eddie Smith on April 29, 2002 related to the accident. Dr. Smith was Ms. Leonard’s family physician. However, it is clear from Dr. Smith’s deposition that the visit on April 29, 2002 was related to the accident, and that he treated Ms. Leonard for back pain on that day.
However, after the medical visits in April of 2002, Ms. Leonard did not seek treatment again until June of that year. By her own testimony Ms. Leonard admits she moved furniture, hauled heavy bags of mulch and re-injured her back in a subsequent fight, despite the advice of her doctors to rest her back and refrain from heavy lifting. Accordingly, we find subsequent medical visits unrelated to the accident in this case.
Under the circumstances, we are compelled to make a monetary award to plaintiff. In granting this award, our review is not limited by the jurisprudential rule that a trial court trier of fact’s factual findings will not be overturned absent a finding that they are manifestly erroneous or clearly wrong. See; Ferrell v. Fireman’s Fund Insurance Co., et al, 94-1252 (La.2/20/95), 650 So.2d 742. When, as here, the trial judge has made no award of damages, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo. Lasha v. Olin Corp., 625 So.2d 1002 at 1006 (La.1993). In compliance with the above, we have conducted a de novo review of the record for damages.
Ms. Leonard asserts a claim for medical expenses in the amount of $1,038.04 which includes the total bills for treatment from Drs. Stephenson, Smith and Fernandez. She is also seeking reimbursement for amounts paid to a third party for yard work done during that time. Ms. Leonard claims she injured her back in the accident, and that injury was unresolved for one year after the accident. Ms. Leonard further maintains she was unable to resume her normal life during that time, and could no longer cut the grass, do housework and help elderly relatives as she had done before the accident.
Considering the contradictory and unreliable testimony of Ms. Leonard and her husband, we find no basis for an award of loss of consortium. Additionally, we find *1195 her testimony as to her failure to heed doctors’ orders, continuing to lift heavy objects and fighting belies her assertion that her back problems are solely related to this accident.
However, we conclude plaintiffs are entitled to recover damages for medical expenses that were solely related to this accident. Those expenses are:
Dr. Stephenson (Community Medical Center) $485.00
Eckerd Drugs $ 11.09
Majoria Drugs $ 5.95
Dr. Eddie Smith $ 50.00
We also find an award of $500.00 for pain and suffering appropriate, and hereby award that amount, for a total award of $1,052.04.
For the foregoing reasons, we reverse the judgment of the trial court on fault. Judgment is rendered in favor of plaintiffs in the amount of $1,052.04.

REVERSED AND RENDERED.

. Where plaintiff fails to provide a sufficient explanation of his failure to introduce the testimony of a treating physician, it is presumed that this testimony would have been adverse to the plaintiffs case. D’Angelo v. New Orleans Public Service, Inc., 405 So.2d 1262, 1269 (La.App. 4 Cir.1981), writ denied 407 So.2d 748 (La.1981).