922 So.2d 613 (2006)
Einer FERRO and Erica Ferro
v.
Aida L. BLASINI, M.D., Jayne S. Gurtler, M.D. and Doctors Hospital of Jefferson, LLC.
No. 05-CA-376.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
*614 Anthony L. Glorioso, Metairie, LA, for Plaintiff/Appellant.
Robert D. Ford, Metairie, LA, Stephen M. Pizzo, Mary K. Peyton, Mandeville, LA, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and JAMES GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Plaintiffs, Einer and Erica Ferro, appeal from the summary judgments granted in favor of the Defendants, Aida Blasini (Blasini) and Jayne Gurtler (Gurtler), dismissing the Plaintiffs' medical malpractice case against them with prejudice. For the reasons which follow, we reverse.
On August 11, 2003, the Plaintiffs, the husband and daughter of the deceased patient, Thelma Ferro, filed this medical malpractice suit against Blasini, Gurtler and Doctors Hospital of Jefferson (Doctors Hospital).[1] In the petition, the Plaintiffs alleged that the Defendants failed to properly diagnose and treat the patient's condition causing increased pain, suffering and, ultimately, death. The Plaintiffs contend that the Defendants breached the standard of care required of physicians in this area. On June 10, 2004, Gurtler filed a Motion for Summary Judgment arguing that the Plaintiffs could not prevail because they had not identified an expert to testify, supporting their claim. On September 22, 2004, Blasini also filed a Motion for Summary Judgment based on the same argument. The Plaintiffs filed a Memorandum in Opposition to the motions, attaching the curriculum vitae of Dr. James Vogel along with an affidavit by the Plaintiffs that they intended to call him as a witness to testify that the Defendants' conduct failed to meet the appropriate standard of care. Gurtler filed a reply memorandum asserting that mere identification of an expert witness was not sufficient to defeat summary judgment in a medical malpractice case.
A hearing was held on the motions on November 23, 2004 and a judgment was signed on November 29, 2004, continuing the hearing on the motions until December 15, 2004 with the following order:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment is Continued until December 15, 2004 and Plaintiffs' are ordered to produce an expert report prepared by expert, Dr. James Vogel, to be filed and entered into the court's record no later than December 15, 2004. Failure to do so by Plaintiffs will result in the granting to the Defendants' Motions for Summary Judgment.
On December 15, 2004, the Plaintiffs filed a Supplemental Memorandum in Opposition to the Motions for Summary Judgment and attached as an exhibit a report by Vogel. The hearing on the motions was concluded that day and, upon finding no material facts at issue, a judgment was signed on December 17, 2003 granting summary judgment in favor of Blasini and Gurtler and dismissing the Plaintiffs' suit against them with prejudice. It is from this judgment that the Plaintiffs' appeal.[2]
*615 On appeal the Plaintiffs argue that the trial court erred in granting summary judgment in favor of Blasini and Gurtler because the submission of the report by Dr. Vogel was procedurally proper and established material issues of fact sufficient to defeat the summary judgment.
The Defendants argue to the contrary that the "report" by Dr. Vogel was procedurally inadequate, submitted in the form of an unsworn letter to the Plaintiffs' counsel and acknowledging that he had only read portions of the medical records to be considered. Moreover, it is argued that even if the report were considered, it fell far short of establishing the applicable standard of care and a breach of that standard by the Defendants.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Nuccio v. Robert, 99-1327 (La. App 5th Cir. 04/25/00), 761 So.2d 84, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544; Moody v. United Nat. Ins. Co., 98-287 (La.App. 5th Cir.9/29/98), 743 So.2d 680. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith, supra; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191.
The burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, or that there is genuine issue of material fact. La. C.C. P. art. 966(C)(2). If the adverse party fails to do so, the mover is entitled to summary judgment. Foster v. Consolidated Employment Systems, Inc., 98 948 (La.App. 5th Cir.1/26/99), 726 So.2d 494; Tonubbee v. River Parishes Guide, 97-440 (La.App. 5th Cir.10/28/97), 702 So.2d 971.
In this case, the Plaintiffs alleged medical malpractice. La. R.S. 9:2794 A provides:
In a malpractice action based on the negligence of a physician licensed ... the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence *616 raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
The Plaintiffs have alleged that the care provided by Blasini and Gurtler was negligent or below the applicable standard of care. Thus, at trial they will bear the burden of proving the degree of care required by the doctors, and that the care provided fell below that standard. Expert witnesses who are members of the medical profession are necessary sources of proof in medical malpractice actions to determine whether the defendant doctor possessed the requisite degree of skill and knowledge or failed to exercise reasonable care and diligence. Perricone v. East Jefferson General Hosp., 98-343 (La.App. 5th Cir.10/14/98), 721 So.2d 48; Seagers v. Pailet, 95-52 (La.App. 5th Cir.5/10/95), 656 So.2d 700.[3]
In this case, as ordered by the trial court in response to Blasini's and Gurtler's motions for summary judgments, the Plaintiffs produced the necessary factual support for their claim through the expert report of Dr. Vogel. When the trial court ordered, in the November 29, 2004 ruling, that the Plaintiffs were to produce an "expert report," the Defendants did not object. The Plaintiffs produced and filed the report of Dr. Vogel along with his curriculum vitae and the attorney's affidavit that Vogel would testify at trial, establishing genuine issues of material fact. Upon finding that the record evidences material issues of fact, we must conclude that summary judgment is not appropriate. Therefore, we find that the trial court ruling granting summary judgments in favor of the Defendants must be reversed.
Accordingly, for the reasons stated above, we vacate the summary judgments granted by the trial court in favor of Blasini and Gurtler and order that their motions for summary judgments be denied and that the Plaintiffs' case against them be reinstated. Costs of appeal are assessed against Blasini and Gurtler.
REVERSED.
NOTES
[1] It appears from the designated record that a motion for summary judgment was also granted in favor of Doctors Hospital but that is not the subject of this appeal.
[2] While the Motion for Appeal refers to the judgment as being dated December 15, 2004, all descriptive references, including the names of the Defendants and the subject matter of the judgment refer to the December 17, 2004 judgment. Accordingly, we will treat the "15" reference as a typographical error and address the arguments presented as to the December 17, 2004 judgment.
[3] There is rare exception to this requirement in instances, not alleged herein, where the physician's action is so obviously careless that a lay person can find negligence in the absence of expert support. Pfiffner v. Correa, 94-0992 (La.10/17/94), 643 So.2d 1228.