WALTER J. ROTHSCHILD, Judge.
|?Following a jury trial in this automobile accident/wrongful death action, judgment was rendered in favor of defendant, Encompass Insurance Company of America (“Encompass”). Plaintiff now appeals on the basis of a single assignment of error relating to the testimony of the state trooper who investigated the automobile accident in this case. For the reasons assigned herein, we affirm the judgment of the trial court.

Facts and Procedural History

On March 27, 2004, Juan Hernandez was traveling on U.S. 61 South in St. Charles Parish when he veered to avoid a collision with a vehicle being driven by Jerry Bellow. This evasive action caused Mr. Hernandez to cross the highway median and slide into the path of oncoming traffic where 13his vehicle struck a vehicle operated by defendant, James Powe. Mr. Hernandez died as a result of the injuries he sustained in this accident.
The present lawsuit was subsequently filed by Mr. Hernandez’ girlfriend, Latan-ya Thompson, individually and on behalf of the minor child, Amariana Hernandez. Named as defendants were Jerry Bellow and his insurer, Continental Insurance Company, and James Powe and his insurer, Encompass. On the morning of trial, plaintiff settled with Bellow and Continental. Plaintiff also agreed to dismiss James Powe in his personal capacity and proceed against the insurance company up to the limits of the liability coverage provided.
The evidence presented at trial indicates that on the date of the accident, James Powe and his wife, Margaret Powe, residents of Norco, Louisiana, were planning to drive to Baton Rouge, Louisiana. After stopping for gas, Mr. Powe crossed the southbound lanes of U.S. 61 and was attempting to merge into oncoming traffic in the northbound lanes of U.S. 61.[1] Mr. Powe testified that he was driving slowly in the left-turn lane of the highway while looking in his side mirror to attempt a safe entry into the travel lane.[2] Mr. Powe *533 testified that he traveled in the turning lane for approximately 350 feet while he attempt to merge into traffic. At this point, the vehicle driven by Mr. Hernandez spun out of control from the southbound traffic lanes and collided with the Powe vehicle. Neither Mr. Powe nor Mrs. Powe saw the Hernandez vehicle prior to the impact, but recalled only “a red flash and a thud.” Mr. and Mrs. Powe sustained serious | ¿injuries in this accident and both endured lengthy hospitalization. Mr. Hernandez died as a result of the injuries he sustained in the accident.
The trial transcript also contains the testimony of Olga Fourroux, a police officer with the St. Charles Parish Sheriffs Office, who was driving her personal vehicle on U.S. 61 at the time of the accident herein. Officer Fourroux stated that after she drove off of the spillway bridge, she noticed a green truck come from the spillway road and turn east on U.S. 61. She stated that as the truck pulled out, the truck’s tires squealed and the truck passed her vehicle. Officer Fourroux further stated that she also saw a maroon vehicle lose control after the green truck passed her vehicle. She assumed that the actions of the green truck had caused the maroon vehicle to lose control, and she followed the green truck and obtained its license plate number. Officer Fourroux stated that she did not actually see the accident occur, but she heard the crash. The record further shows that the green truck was driven by Jerry Bellow and the maroon vehicle was driven by Juan Hernandez.
On the second day of trial, counsel for plaintiff made a motion in limine outside the presence of the jury to exclude any testimony from Trooper Vittitoe regarding his opinion as to how the accident occurred or whether or not Mr. Powe had an opportunity to avoid the accident or did anything improper. Following argument of counsel, the trial court ruled that unless Trooper Vittitoe was qualified as an expert in accident reconstruction, questions and testimony regarding his conclusions as to the ultimate question of causation and liability in this accident would be excluded.
Master Trooper Robert Vittitoe of the Louisiana State Police was then called as a witness by the plaintiff. Trooper Vittitoe stated he had been |Bemployed by the State Police for 27 years, and that on March 27, 2004, he was called at approximately 5:43 p.m. to investigate a fatal automobile accident in St. Charles Parish near the spillway bridge. He stated that when he arrived on the scene, he found two heavily damaged vehicles in the left northbound lane of the highway and he determined that the point of impact occurred there. He stated that the driver and the passenger of the first vehicle, a Chevy Tahoe, had been transported to River Parish Hospital and the driver of the second vehicle, a maroon Crown Victoria, was pronounced dead on the scene by the coroner. Trooper Vittitoe also stated that he obtained the license plate number of a vehicle that had left the scene from Officer Fourroux. Trooper Vittitoe identified two documents which he prepared depicting the movement of the vehicles prior to the crash and their location after the crash. He stated he relied on physical evidence to prepare these diagrams, specifically the yaw marks and the statement of Officer Fourroux.
Trooper Vittitoe testified that it was improper for a motorist to travel in the turn *534 lane to attempt to merge into the travel lane. Trooper Vittitoe stated that he was not an accident reconstruction expert, although he had been previously qualified in Jefferson Parish as an accident investigation expert. He stated that when he made calculations regarding the speed of Mr. Powe’s vehicle, he conferred with an accident reconstruction expert in the State Police office.
On cross-examination by defense counsel, Trooper Vittitoe testified that he conducted a complete investigation into the cause of this accident and interviewed numerous witnesses. During the course of the investigation, he determined that Jerry Bellow was driving under the influence of alcohol | fiat the time of the accident. The investigation further indicated that Mr. Bellow’s truck pulled out likely causing Mr. Hernandez to swerve and lose control of his vehicle. The cross-examination continued as follows:
BY DEFENSE COUNSEL:
Did you do a thorough investigation in your opinion from way [sic] you normally do investigations?
BY THE WITNESS:
Yes.
BY DEFENSE COUNSEL:
You did not feel as if Mr. Powe at [sic] done anything improper based upon your investigation?
BY PLAINTIFF’S COUNSEL:
Your Honor, I would object to any opinion testimony as to the ultimate or one of the ultimate issues to be resolved in this trial. The law is clear that Trooper Vittitoe is not an accident reconstruction expert and as such he’s precluded from giving testimony as it relates to those issues.
BY THE COURT:
I’m going to overrule the objection and allow him to answer this one question. Okay.
BY DEFENSE COUNSEL:
Would you like me to ask it again?
BY THE WITNESS:
Yes.
BY DEFENSE COUNSEL:
You did not feel as if Mr. Powe had done anything improper based upon your investigation?
BY THE WITNESS:
No.
On redirect examination, plaintiffs counsel asked the following question to Trooper Vittitoe:
Trooper Vittitoe, if we were to tell you that prior to today Mr. Powe testified in this court that he was traveling down the turn lane at a speed of approximately four to five miles per hour for a distance of some three hundred and fifty feet before the impact occurred, would he, do you consider that to have been improper?
Trooper Vittitoe responded, “Yes.”
Plaintiff then presented the testimony of Herman Hill, who was qualified by the court as an expert in the field of traffic engineering and |7accident reconstruction. Mr. Hill testified that he reviewed the accident report, the available deposition testimony, photographs of the accident scene and that he visited the accident scene immediately prior to trial. His review of this information indicated that Mr. Hernandez lost control of his vehicle due to the sudden emergency of attempting to avoid Mr. Bellow’s truck which suddenly came into his path. He found that Mr. Hernandez could not have avoided traveling into the opposite lane of travel after he lost control of the vehicle. However, Mr. Hill testified that based on his calculations and the physical evidence, Mr. Powe would *535 have been able to avoid the accident if he had seen the Hernandez vehicle lose control. He also testified that it is improper to travel in the turn lane while attempting to merge into a travel lane. He further stated that if Mr. Powe would not have improperly traveled in the turn lane, he would have avoided the accident. Mr. Hill stated that his opinion of the cause of this accident was the inattention on behalf of Mr. Powe as he traveled westbound toward the spillway road.
Following trial, the jury returned a verdict by interrogatories finding that defendant, James Powe, was not at fault in the accident of March 27, 2004. By judgment rendered in October 11, 2006, the trial court determined that the jury found in favor of defendants and therefore dismissed plaintiffs suit with prejudice.
Plaintiff now appeals from this judgment on the basis of one assignment of error: the trial court erred in allowing Trooper Vittitoe to give his opinion as to whether Mr. Powe did anything improper, since Trooper Vittitoe was not an accident reconstruction expert. Defendant responds that the officer is permitted to give opinion testimony even if he is not qualified | Sas an expert, and that plaintiff waived any objection to this testimony by asking the same question of the witness.

Law and Discussion

Louisiana Code of Evidence article 701 allows a lay witness to provide opinion testimony if (1) “[r]ationally based on the perception of the witness; and (2)[h]elpful to a clear understanding of his testimony or the determination of a fact in issue.” The testimony of an investigating officer not qualified as an accident reconstruction expert is limited to opinions based upon his rational perception of the facts and recollections pertaining to the scene of the accident. Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La.App. 3rd Cir.), writ denied, 565 So.2d 450 (La.1990) It is prejudicial error to allow a non-expert investigating officer to give opinions on crucial fact determinations concerning liability when the officer did not witness the accident. Fontenot v. Cooper, 599 So.2d 883 (La.App. 3 Cir.), writ denied, 604 So.2d 1305 (La.1992). See also, Maricle v. Liberty Mut. Ins. Co. 04-1149 (La.App. 3 Cir. 3/2/05), 898 So.2d 565, 574. The question of whether article 701 was violated is a determination within the discretion of the trial court. Wingfield v. State ex rel. Dept. of Transp. and Development, 01-2668 (La.App. 1 Cir. 11/8/02), 835 So.2d 785, 802.
Trooper Vittitoe testified that he had been with the Louisiana State Police for 27 years and had attained the rank of master trooper. He had participated in several classes relating to accident reconstruction, including advanced accident investigation. He also stated he had been previously qualified as an expert in accident reconstruction. He stated that he conducted a thorough investigation in this case, including speaking to witnesses and reviewing physical evidence and he consulted with an | ^accident reconstruction expert when making calculations outside of his expertise.
During direct testimony, plaintiffs counsel questioned Trooper Vittitoe regarding his opinion regarding the actions of Mr. Powe in traveling in the turning lane and the witness stated that such an action is improper. There were no objections to this testimony. On cross-examination, defense counsel asked whether, based on his investigation, he found the actions of Mr. Powe to be improper. Although there was an objection and the trial court was aware that Trooper Vittitoe had not been qualified as an expert, he allowed the witness to answer this question. At.this point, the trooper stated he found nothing improper *536 in Mr. Powe’s action. On redirect examination, plaintiffs counsel again asked whether traveling in a turning lane was improper, and the trooper responded that it was.
The majority of Trooper Vittitoe’s testimony related to pertinent facts about the accident scene. For the most part, the portion of the testimony that could be seen as opinion testimony met the requirements of Code of Evidence article 701. Trooper Vittitoe stated that the evidence indicated that Mr. Powe was improperly traveling in the turning lane, but he testified that based on his investigation, Mr. Powe did not do anything improper. Trooper Vitti-toe did not testify as to his opinion as to the cause of this accident, and his testimony is largely based on reasonable perceptions of the accident scene based on his thorough investigation. Further, although Trooper Vittitoe was not qualified as an expert in accident reconstruction, the records supports a finding that he was qualified to respond to the question posed by defense counsel. We fail to find that the trial court abused its discretion in allowing this witness’ testimony.
|inFurther, even assuming the testimony was improperly allowed, we find any such error to be harmless. Plaintiff argued at trial that had Mr. Powe not traveled improperly in the turning lane, he would not have been in the path of travel of the Hernandez vehicle as it traveled across the highway and the accident would have been avoided. However, the jury evidently rejected this argument and determined that even if Mr. Powe’s actions were improper, such actions did not cause the accident in this case.
The record contains the testimony of Officer Ferroux, who stated she saw the Hernandez vehicle spinning out of control after it attempted to avoid a collision with an erratic driver. In addition, plaintiffs expert testified that Mr. Hernandez was reacting to a sudden emergency when he swerved and traveled into the opposite travel lane. Mr. and Mrs. Powe both testified that they did not see the Hernandez vehicle before the collision, and the photographs of the scene show that the accident occurred shortly after Mr. Powe pulled away from the gas station.
Based on ample evidence in the record, the jury evidently concluded that the accident was caused by the actions of the Bellow vehicle and Mr. Hernandez’ evasive actions as a result thereof. This factual determination is supported by the testimony and evidence in the record, and any improper opinion testimony regarding Mr. Powe’s actions at the time of the impact between the vehicles would not have affected the result. For these reasons, we find no reversible error on the part of the trial court in this case.
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Plaintiff is to bear all costs of this appeal.

AFFIRMED.

. The testimony in the record refers to the direction of the highway as both north/south and east/west. For the most part, U.S. 61 is a north/south highway, but it was configured in an east/west direction at the location of this accident.

. Mr. Powe’s recollection of the speed he was traveling immediately prior to the accident *533 varied. In a statement made immediately after the accident, Mr. Powe stated he was driving approximately 30 mph. At his deposition, he stated that he was "creeping” up the highway in the turning lane at approximately 4-5 mph. At trial, he stated he may have been going a little faster, perhaps 20 mph or less.