SUSAN M. CHEHARDY, Judge.
|sThis appeal comprises two consolidated lawsuits arising out of the same automobile accident. The district court granted summary judgments in favor of the plaintiffs in each lawsuit, as well as in favor of two of the defendants. We affirm.
STATEMENT OF THE CASE
The suits arise out of an accident on November 22, 2005 on the Lake Pontchartrain Causeway Bridge in Jefferson Parish. Tina Erdman was traveling north *76 bound and slowed her vehicle (a 2005 Honda Accord) due to traffic, whereupon her car was rear-ended by a 2005 Ford E350 van operated by Oscar Romero. As a result, Erdman’s car was pushed into the vehicle ahead of her, a 1999 Chevrolet Silverado pickup truck operated by Kenneth Domingo. The van operated by Romero was owned by Avis Budget Group, LLC (hereafter called “Avis”),[1] and was covered by liability insurance from Pathfinder Insurance Company (“Pathfinder”).
On the date of the accident Romero was employed by Turbo Group, Inc. (“Turbo”). The vehicle Romero was driving was leased to and/or rented to Steven Sucato and/or Robert Gentile, who are employees and/or officers of Turbo Group. |4LiabiIity insurance covering Romero, Sucato, Gentile and Turbo Group was provided by Commerce and Industry Insurance Company (“Commerce”).
The first suit was filed by Kenneth Domingo and his wife, Linda Domingo.[2] They named as defendants Erdman; State Farm Mutual Automobile Insurance Company (“State Farm”) as Erdman’s liability insurer; and State Farm as uninsured/un-derinsured motorist (“UM”) insurer of the Domingos. The Domingo petition alleged the accident occurred when Erdman failed to slow her vehicle in time and struck the rear of the Domingo, causing the Domingo vehicle to turn sideways on the roadway and to strike the guardrail. The petition further alleges that the driver of a third vehicle believed to be Oscar Romero was unable to stop his vehicle and then struck the Erdman vehicle.
The Domingos later amended and supplemented their petition to add as defendants Romero, Avis, Turbo, and Commerce. They reiterated the allegations of the original petition, and also alleged the accident was due to the sole negligence of Erdman or, alternatively, to joint, solidary, concurrent and/or successive fault of Erd-man and Romero.
State Farm, in its capacity as UM insurer, filed a cross-claim in the Domingo suit against Erdman and against State Farm as liability insurer of Erdman.
Subsequently Erdman filed her suit, naming as defendants Sucato, Romero, Gentile, Avis, Pathfinder, and AIG Insurance Company (AIG), as liability and/or umbrella insurer of Avis, Gentile, Sucato, and Romero.[3] Erdman amended and supplemented her petition to add Commerce as a defendant.
|fiOn motion of Erdman and State Farm, the Erdman suit was consolidated with the Domingo suit, and the Erdman suit was transferred to the division in which the Domingo suit was being handled.
Thereafter the Domingos and Erdman filed a joint motion for summary judgment on the issues of liability of Romero as a following motorist, the vicarious liability of Turbo for the negligence of its employee, Romero, and the liability of Commerce as the insurer of Romero and Turbo under its policy.
The movers cited the stipulations of Commerce that Romero was operating the *77 vehicle that rear-ended the Erdman vehicle on the Causeway on November 22, 2005; that Romero was in the course and scope of his employment with Turbo at the time of the collision; that Turbo had in full force and effect a policy of liability insurance with Commerce insuring Turbo, Su-cato, Gentile, and Romero, with policy limits of one million dollars; that Turbo is vicariously liable for the acts of Romero by virtue of his employment, resulting from his operation of the vehicle involved in this collision. The movers also cited Erdman’s deposition testimony as evidence that Erd-man was rear-ended by the vehicle operated by Romero, and was pushed into the truck operated by Domingo. Finally, the movers cited Domingo’s deposition testimony that he cannot dispute Erdman’s testimony one way or another.
In opposition, Sucato, Gentile, Turbo, and Commerce asserted there are fact issues that preclude summary judgment; specifically, whether Erdman was following Domingo. too closely, whether Erd-man’s ear actually rear-ended Domingo’s truck before the van driven by Romero hit Erdman’s car, and whether Domingo’s driving prior to impact was erratic and may have contributed to the accident.
| (¡Erdman and State Farm then filed a Concurrent Motion for Summary Judgment as to the Domingo claims.
On October 7, 2009, the trial court rendered a Partial Final Judgment that granted the Joint Motion for Summary Judgment filed on behalf of Erdman and the Domingos. The court found,
[T]he subject motor vehicle accident ... was caused through the sole fault and negligence of defendant Oscar Romero, for which defendant Turbo Group, Inc. is vicariously liable as the employer of Oscar Romero and for which defendant Commerce and Industry Insurance Company may be held liable up to the limits of its policy of insurance that was in full force and effect on November 22, 2005, and insured Turbo Group, Inc., Oscar Romero, Steven Sucato and Robert Gentile.
The Partial Final Judgment also granted the Concurring Motion for Summary Judgment filed on behalf of Erdman and State Farm. The court found that Erdman was “totally free from fault in connection with the accident,” and dismissed the claims against Erdman and State Farm with prejudice.
The court certified the judgment as a final judgment pursuant to La. C.C.P. arts. 1841 and 1915(A)(8). Sucato, Gentile, Turbo, and Commerce have appealed.
ARGUMENT
The appellants assert the trial court erred in granting both motions for summary judgment because there are genuine issues of material fact that should be decided by the trier of fact. The appellants have requested trial by jury and they argue the jury should be afforded the opportunity to decide the issues.
Appellants contend there are fact issues as to contributory or comparative negligence of Kenneth Domingo and Tina Erd-man. The scenario presented by the plaintiffs in both suits is that the vehicle operated by Erdman was struck from the rear by the vehicle operated by Romero and was driven into the vehicle operated by Domingo. Appellants argue, however, that based on the evidence presented 17thus far, the Erdman vehicle actually rear-ended the Domingo prior to Erdman’s car being struck by Romero’s vehicle.
Appellants also refer to Erdman’s testimony that Domingo’s vehicle appeared to strike the guardrail of the bridge prior to the impact between the Erdman vehicle and the vehicle operated by Romero. Ap *78 pellants state this raises issues as to whether Domingo may have been the cause or a cause of the accident, by creating an emergency situation.
Appellants rely on testimony of Causeway Police Officer Tate Gallo, who investigated the accident. Officer Gallo did not witness the accident, but took statements from the parties involved and prepared the police report on the incident. He reported that Erdman told him her vehicle was stopped in the left lane due to traffic congestion when the Romero vehicle struck the rear of her vehicle, pushing her vehicle into the Domingo vehicle. Domingo stated he was slowing to a stop in the left lane due to traffic congestion when the Erdman vehicle struck the rear of his vehicle, causing his vehicle to turn sideways and strike the left guardrail with its front end. Romero stated that the Erdman vehicle struck the rear of the Domingo vehicle and then the Romero vehicle struck the Erd-man vehicle. Officer Gallo issued citations to both Romero and Erdman for following too close.
Based on his investigation of the scene, Officer Gallo concluded that all three vehicles were traveling northbound in the left lane, when the Domingo vehicle slowed abruptly due to traffic congestion. The Erdman vehicle could not stop in time and struck the rear of the Domingo vehicle. The Domingo vehicle turned counterclockwise and struck the left guardrail with its left front bumper. The Romero vehicle then struck the rear of the Erdman vehicle.
Appellants contend the evidence establishes the drivers of the respective vehicles have presented conflicting testimony relative to the progression of the Raccident. Domingo cannot testify that Romero’s vehicle first struck the Erdman vehicle and forced the Erdman vehicle to strike the rear of his vehicle. Erdman’s testimony indicates that Domingo may have been driving erratically. The testimony of the investigating officer calls into question the sequence of events Erdman presents. In addition, Erdman admitted she stopped her vehicle abruptly.
Appellants urge that in ruling on the motions for summary judgment, the trial court improperly made credibility determinations of the testimony provided by Domingo, Erdman, and Officer Gallo. Further, the trial court evaluated the testimony of the parties to reach conclusions despite factual conflict. Appellants reiterate these are functions reserved solely for the jury at trial on the merits.
In her posture as defendant-appellee, Erdman contends that to reverse the ruling this Court must find that the summary judgment evidence presented would cause reasonable minds to differ regarding whether Erdman’s conduct was negligent and whether that negligence caused the collisions. Erdman asserts the only material facts that should be considered are those established by the deposition testimony of Domingo and herself. Specifically, she cites (1) Domingo’s testimony that he was unable to say whether Erdman’s vehicle was pushed into his vehicle, or whether Erdman’s vehicle struck his vehicle prior to Erdman’s vehicle being rear-ended by Romero’s vehicle, and (2) her own testimony that her vehicle had come to a complete stop before it was hit by Romero’s vehicle, which impact then pushed her vehicle into Domingo’s vehicle.
Erdman argues the other matters raised by appellants are immaterial facts and/or inadmissible evidence that have no bearing on her liability. These are the citation issued to her; allegations of negligence against her in Domingo’s petition; testimony regarding the fault of Domingo; un-sworn statements given by Romero to Offi *79 cer Gallo; Officer Gallo’s testimony and his report.
|flErdman asserts the fact that a citation is issued is inadmissible in civil cases to prove liability.
As to the appellants’ references to allegations in Domingo’s petition as to her fault, Erdman points out that allegations are not evidence and should not be used to rebut a motion for summary judgment.
As for movements of Domingo’s vehicle immediately prior to the accident, Erdman argues the actions of both Domingo and his vehicle do not relate to her liability. The issue of whether Domingo’s vehicle struck the guardrail immediately prior to the accident speaks only to Domingo’s liability.
Erdman also contends that Officer Gallo’s testimony and police report should not be considered because they offer hearsay, opinion, and immaterial facts.
Erdman argues that without the foregoing inadmissible and immaterial evidence, the only material facts are those identified through the testimony of Erdman and Domingo. The limited evidence is insufficient to establish a genuine issue of material fact that would prevent a determination of Erdman’s liability as a matter of law. Erdman testified she had stopped her vehicle completely before it was pushed into Domingo’s vehicle. She contends the trial court’s determination that she was not liable as a matter of law was correct because there was insufficient evidence to allow reasonable minds to conclude she was negligent or she caused the collisions.
In her posture as plaintiff-appellee, Erd-man asserts that as a following motorist in a rear-end collision Romero is presumed negligent. She argues the trial court properly granted the motions for summary judgment because the movers made a pri-ma facie showing that their motions should be granted and the appellants thereafter failed to present any competent summary judgment evidence to establish the existence of a material factual issue. She contends the movers’ evidence | ^conclusively establishes that Domingo and Erdman were able to bring their respective vehicles to a stop, and no collision occurred between these vehicles until Romero rear-ended Erdman’s vehicle and pushed it into Domingo’s vehicle.
LAW AND ANALYSIS
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966(B); Ferro v. Blasini, 05-376, p. 4 (La.App. 5 Cir. 1/17/06), 922 So.2d 613, 615.
The court must consider whether there is any genuine issue of material fact, and whether the movers are entitled to judgment as a matter of law. Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195.
A genuine issue exists where reasonable persons, after considering the evidence, would disagree. Baide v. Allen, 07-652, p. 3 (La.App. 5 Cir. 12/11/07), 974 So.2d 688, 690. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success or determines the outcome of a legal dispute. Hardy v. Brown, 98-2821, p. 6 (La.9/8/99), 744 So.2d 606, 610. In addition, a fact is material if it is one that would matter at trial on the merits. Suire v. Lafayette City-Parish Consolidated Government, 2004-1459, p. 11 (La.4/12/05), 907 So.2d 37, 47. Any doubt as to a dispute regarding a material issue of fact must be resolved *80 against granting the motion and in favor of trial on the merits. Id.
In civil cases it is inadmissible to show that one or the other of the parties was charged by the police with a traffic violation or convicted. This would be merely the opinion of the officer or the judge, as the case might be. Trials and convictions in traffic courts and possibly in misdemeanor cases generally are not always trustworthy for they are often the result of expediency or |1; compromise. To let in evidence of conviction of a traffic violation to prove negligence and responsibility in a civil case would unduly erode the rule against hearsay.
Ruthardt v. Tennant, 252 La. 1041, 1047-1048, 215 So.2d 805, 808 (La.1968).
Police reports that consist of hearsay such as statements made by drivers and witnesses are specifically excluded from being admitted under any exception to the hearsay rule. La. C.E. art. 803(8)(b)(i). Louisiana courts routinely exclude such reports when they contain conclusions and opinions formed from talking to other witnesses. See Deville v. Aetna Ins. Co., 191 So.2d 324, 328 (La.App. 1 Cir.1967).
Officer Gallo was a lay witness; therefore, he could testify only to facts within his knowledge, not to impressions or opinion. State v. Alexander, 430 So.2d 621, 624 (La.1983). The physics and sequence of events in this three-car collision are not within the realm of reasonable inferences drawn from Officer Gallo’s personal observation. Officer Gallo is not qualified as an accident reconstruction expert, so any opinions he may express are limited to his perception of the facts and recollections pertaining to the scene of the accident. See Thompson ex rel. Hernandez v. Bellow, 07-591, p. 8 (La.App. 5 Cir. 2/6/08), 979 So.2d 531, 535. It is prejudicial error to allow a non-expert investigating officer to give opinions on crucial fact determinations concerning liability when the officer did not witness the accident. Id.
La. R.S. 32:81(A) provides, “The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.” Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in [ ,2La. R.S. 32:81 and thus is presumed negligent. Mart v. Hill, 505 So.2d 1120, 1123 (La.1987).
In a rear-end collision the following motorist is presumed to have breached his duty not to follow another motorist more closely than is reasonable and prudent, and he bears the burden of proving that he was not negligent. Anderson v. May, 01-1031, p. 6 (La.App. 5 Cir. 2/13/02), 812 So.2d 81, 85. The presumption of negligence is on the following driver and he bears the burden of exonerating himself. Hadley v. Doe, 626 So.2d 747, 750 (La.App. 5 Cir.1993).
The sudden emergency doctrine is an affirmative defense to the presumption of negligence:
[Ujnder the sudden emergency doctrine, there is an exception to the general rule that a following motorist is presumed negligent if he collides with the rear of a leading vehicle. This doctrine provides that a following motorist will be adjudged free from fault if the following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle, which could not be reasonably avoided, unless the emergency is brought about by his own negligence.
*81 Ly v. State Through Dept. of Public Safety and Corrections, 633 So.2d 197, 201 (La.App. 1 Cir.,1993).
The sudden emergency doctrine cannot be invoked by one who has not used due care to avoid the emergency. Hadley, supra. Where other vehicles are able to stop behind the lead car, the last car that precipitates the chain reaction collision is negligent. See Staehle v. Marino, 201 So.2d 212, 214 (La.App. 4 Cir.1967), citing Billiot v. Noble Drilling Corp., 236 La. 793, 798, 109 So.2d 96, 98 (1959).
It is undisputed that Romero’s vehicle rear-ended Erdman’s vehicle. Romero, therefore, is presumed to have breached his duty under La. R.S. 32:81 and is negligent. Erdman testified she was able to slow her vehicle and bring it to a 1 ^complete stop before her vehicle was hit by Romero’s vehicle and pushed into the Domingo vehicle. Domingo does not know whether Erdman’s vehicle was pushed into his vehicle, or whether it rear-ended his vehicle before being hit by Romero’s vehicle.
Erdman’s testimony is uncontroverted. Defendants-appellants bear the burden rebutting the presumption that Romero was at fault. They failed to offer any competent evidence that Romero had his vehicle under control, that he closely observed the lead vehicle, or that he followed at a safe distance under the circumstances prior to rear-ending Erdman’s vehicle and, as Erd-man’s sole testimony provides, pushed it into Domingo’s vehicle. Appellants, hence, have failed to establish that they will be able to rebut the presumption of Romero’s fault at trial.
DECREE
For the foregoing reasons, we affirm the Partial Final Judgment dated October 7, 2009, that granted the Joint Motion for Summary Judgment on behalf of Kenneth Domingo and Linda Domingo in Domingo v. State Farm, No. 634-767 (No. 10-CA-264 on this appeal), and on behalf of Tina Erdman in Erdman v. Sucato, No. 638-834 (No. 10-CA-316 on this appeal), and that granted the Concurring Motion for Summary Judgment filed on behalf of Tina Erdman and State Farm Mutual Automobile Insurance Company as defendants in No. 634-767 (No. 10-CA-264 on this appeal). Costs of appeal are assessed against the appellants, Steven Sucato, Robert Gentile, Turbo Group, Inc., and Commerce and Industry Insurance Company.

AFFIRMED.

. The Domingo petition erroneously named Avis as “Avis Rent-A-Car Systems, Inc.’’; the error was corrected in Avis' Answer.

. Domingo v. State Farm Mut. Auto. Ins. Co., No. 634-767 on the docket of the 24th Judicial District Court, Parish of Jefferson; No. 10-CA-264 on the docket of this Court.

. Erdman v. Sucato, No. 638-834 on the docket of the 24th Judicial District Court, Parish of Jefferson; No. 10-CA-316 on the docket of this Court.