DREW, J.
12This appeal from Shreveport City Court pertains to the appropriate assessment of liability for a two-car accident.
The judgment below apportioned comparative fault at 75% against the defendants, Ryan L. Poole and State Farm Mutual Automobile Insurance Company, and 25% against Michael Jerred Gentry, plaintiff.
*354 Gentry was injured, and was granted judgment for his special damages, plus $7,500 in general damages, subject to 25% reduction for his comparative fault. Neither party appealed the amount of damages awarded to Gentry by the learned trial court.
Each side requests that we assess the other with 100% of the fault.
FACTS
| .¡Immediately before the accident, Ryan L. Poole was driving west in the right lane of West Bert Kouns, a four-lane highway. Ryan was operating, with permission, a 1997 Jeep owned by his dad, Roger Poole, who was riding in the Jeep with his son. The Poole vehicle was insured by State Farm on the date of the accident.
Gentry was leaving his plumber and pi-pefitter’s school, located on the north side of Bert Kouns at 7109 West Bert Kouns. Due to his injuries, he does not recall anything except stopping before the crash. He never saw the Jeep, the right front of which struck the left front of his Chrysler.
Gentry claims[1] that the Jeep drove off the north side of the road and ran into his Chrysler. Poole alleges that Gentry pulled out in front of him, or was sticking out into the road. The Poole vehicle had the right-of-way. .
TRIAL
The trial court based its causation decision on the following:
• Deposition of Scotty Taylor (G-2);
• Photographs from both sides (G-3, G-4, P-3, and P-4);
• Copy of the police report;[2] and
• Live testimony from the plaintiff, defendant, and defendant’s father.
The accident report assessed Gentry’s inattentiveness as a cause of the accident, although no one was formally cited with a violation. The officer, |4not an accident reconstruction expert, thought the accident occurred in Poole’s outside lane of traffic.
Scotty Taylor, also a student at the school, was queued up behind the Gentry vehicle when the crash happened. He stated that the Poole Jeep, traveling 60 to 65 miles per hour, struck Gentry’s Chrysler. Taylor never saw Gentry’s brake lights go out before the crash.[3] He did not recall, however, whether Gentry was stopped in the roadway, or just stopped near the roadway.
The photographs are not in any way dispositive of this dispute.
Gentry says that Poole’s Jeep left the roadway, resulting in its right front striking the left front of the Chrysler (Gentry).
Defendants testified that Gentry’s Chrysler pulled out in front of Poole’s Jeep, and was in the roadway, causing the accident.
The accident report and both Pooles support Poole’s version of the facts; Taylor’s deposition somewhat supports Gentry’s version.
LAW
An appellate court must give great deference to the allocation of fault as *355 determined by the trier of fact. Fontenot v. Patterson Ins., 2009-0669 (La.10/20/09), 23 So.3d 259; Clement v. Frey, 95-1119 (La.1/16/96), 666 So.2d 607. The allocation of fault is not an exact science, or the search for one | fiprecise ratio, but rather an acceptable range, and any allocation by the factfinder within that range cannot be clearly wrong. Fontenot, supra; Foley v. Entergy Louisiana, Inc., 2006-0983 (La.11/29/06), 946 So.2d 144. Only after making a determination that the trier of fact’s apportionment of fault is clearly wrong can an appellate court disturb the award. Fontenot, supra; Clement, supra.
After an appellate court finds a clearly wrong apportionment of fault, it should adjust the award, but only to the extent of lowering or raising it to the highest or lowest point respectively which is reasonably within the trial court’s discretion. Clement, supra; Cyrus v. U.S. Agencies Ins. Co., 41,826 (La.App.2d Cir.3/14/07), 954 So.2d 261.
REASONING
This is a sparse record, but we have enough before us by which to conclude that the trial court erred in assessing liability.
Gentry had no recall of the accident. Taylor’s affidavit helped his case a little, in that he swore that Gentry’s brake lights were never extinguished, which could suggest, at the least, that Gentry’s vehicle was not moving at the moment of the accident. Taylor’s affidavit also acknowledged that Gentry’s vehicle was forced into his, causing minor damage to Taylor’s vehicle. However, Taylor did not know the exact location of the front end of | (¡Gentry’s vehicle at the moment of the crash (whether or not the Chrysler had protruded into the road).
Poole, on the other hand, had the right-of-way, and had more and higher quality evidence:
• Direct and positive testimony from Roger and Ryan Poole that Gentry pulled out onto the highway and struck the Poole vehicle;
• The accident report’s finding that Gentry’s inattentiveness was a cause of the accident, which occurred in the right lane[4] of traffic; and
• Taylor’s admission that he was not sure whether or not Gentry was intruding into the roadway at the time of the crash.
FINDING
We find manifest error in this record, allowing us to reframe the liability findings, but only to the minimum extent to achieve reasonableness.
Accordingly, we amend the percentages of fault, finding Gentry to be 75% at fault, and Poole to be 25% at fault, with costs of court to be assessed on the same basis. No reasonable trier of fact could have found Poole to be any more responsible for this unfortunate collision.
DECREE
With costs assessed at 75% to plaintiff and 25% to defendant, the judgment is AMENDED, and, as amended, AFFIRMED.

. Gentry based his claims on Taylor’s affidavit and on the post-accident location of the vehicles.

. Though subpoenaed, the police officer did not show up for court.

.Curiously, Taylor says in his deposition that the Poole Jeep was heading west before the accident, in the inside lane of traffic. This must have been a misstatement, because this would require a severe swerve to cause this accident in four to six seconds, if Poole was indeed starting from the inner lane.

. We are aware of the extremely limited, if any, value of a nonexpert officer’s conclusion regarding a crucial issue such as the precise point of impact. See Domingo v. State Farm Mut. Auto. Ins. Co., 10-264 (La.App. 5th Cir. 11/9/10), 2010 WL 4486331. In this case, upon the failure of the police officer to show, the lawyers agreed to allow the accident report into evidence, presumably to get the matter to trial.